

FILED
MAR 21 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF COLUMBIA

RICHARD MILLER )
1515 Arlington Ridge Rd, #304 )
Arlington, VA 22202 )
Plaintiff, 703-685-3709 )
)
v. )   Case: 1:07-cv-00562
)   Assigned To : Kessler, Gladys
MARK V. ROSENKER, )   Assign. Date : 3/21/2007
Chairman, )   Description: MILLER v. ROSENKER
NATIONAL TRANSPORTATION )
SAFETY BOARD )
490 L'Enfant Plaza, SW )
Defendant. Washington, D.C. 20594 )
)

## COMPLAINT

Plaintiff, Richard Miller, brings this action against the above named Defendants, and any of its executives, employees, officers, agents and/or successors in support, and states, alleges, and avers as follows:

### JURISDICTION

1. This is an action alleging that Plaintiff Richard L. Miller was discriminated against in the course of his employment in violation of his rights under Title VII of the Civil Rights Act of 1964 (hereafter "Title VII") and the Age Discrimination in Employment Act (hereafter "ADEA"). This Court has jurisdiction over his Title VII claims pursuant to 42 U.S.C. §2000e-5(f)(3), and over his age discrimination claims pursuant to 29 U.S.C. §633 c).

## VENUE

2. Plaintiff worked in, and all acts and omissions occurred or failed to occur in, the District of Columbia. Accordingly, venue, pursuant to, *inter alia*, 2000e-5(f), lies within this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff filed a formal complaint of discrimination with the Equal Employment Opportunity Commission (EEOC) on July 15, 2005. In his formal complaint, Plaintiff alleged sixteen instances of discrimination.

4. On September 23, 2005, the Defendant issued a Final Agency Decision dismissing the complaint, and alleging that Plaintiff did not cooperate with the provisions of formal complains set out in 26 CFR § 16714.107.

5. Plaintiff filed an OFO Appeal to that dismissal, and received the OFO dismissal on December 20, 2006.

6. Plaintiff having exhausted all required administrative procedures and remedies now timely files this action.

## PARTIES

7. Plaintiff Richard L. Miller (hereafter "Plaintiff" or "Miller") is an adult male. He was born in 1949.

8. Plaintiff was an employee of the National Safety Transportation Board where he has been employed since June 1999. For most of that time, he was in the office of the Chief Financial Officer as a Financial Management Specialist, GS-14.

9. Plaintiff was an "employee" within the meaning of 42 U.S.C. §2000e(f) (Title VII.) and 29 U.S.C. §630(f) (ADEA).

10. Defendant National Transportation Safety Board (hereafter "Defendant" or "NTSB") is an independent agency of the United States. It is capable of suing and being sued.

11. The Defendant is and was, at all times relevant to this Complaint, an "employer" within the meaning of 42 U.S.C. §2000e(b) (Title VII) and 29 U.S.C. §633a(a) (ADEA)

## FACTS COMMON TO ALL COUNTS

12. Plaintiff was both physically and psychologically incapacitated from on or about December 2004 until July 2006.

13. During that time he was treated by numerous medical doctors for symptoms related to sever depression, anxiety, back pain, and neck pain.

14. Absent sick, personal and annual leave, Plaintiff physically went to work until his proposed removal from in September 2005.

15. Due to Plaintiff's numerous illnesses, even though he was physically present for work, he was not completely aware of his surroundings and environment, specifically with regards to specific tasks that he needed to accomplish in order to satisfactorily complete his job.

16. On July 15, 2005, Plaintiff filed a formal complaint alleging sixteen categories of discrimination caused by Defendant Agency.

17. On July 21, 2005, Defendant requested clarification on the claims of discrimination, and that this clarification must be submitted within fifteen days.

18. Plaintiff requested additional time to respond to Agency's requests for clarification which was approved.

19. Plaintiff then requested additional time, as his illnesses and the continued severe and pervasive hostile work environment created by the Agency made him unable to complete the formal complaint.

20. On September 23, 2005, the Agency issued its final Agency Decision dismissing the complaint, alleging that Complainant failed to cooperate with the provisions of 29 CFR § 1614.107(a)(7)/

21. Plaintiff was cleared by his physicians to return to work on July 3, 2006.

22. Within 30 days of that date he timely filed an OFO Appeal of the Final Agency Decision.

23. While 10 months had passed from receipt of the Final Agency Decision until the filing of Plaintiff's OFO Appeal, he was severely incapacitated, both physically and psychologically, and did not fully comprehend the rules and regulations associated with timely EEO filings. Plaintiff had substantial assistance on filings including a separate lawyer for pursuing a workman's compensation claim, a separate lawyer for discussion and in assisting in the filing pro se and assistance from lawyer and others in filing a new EEO.

## REMAND OF COMPLAINT TO THE EEOC WASHINGTON FIELD OFFICE

24. Plaintiff realleges all facts set forth above as if set forth herein.

25. Based on Plaintiff's physical and psychological incapacitation which resulted in his late filing of his OFO Appeal; Plaintiff respectfully requests the Court to

remand his complaint to the EEOC's Washington Field Office for an investigation into the sixteen allegations of discrimination.

## COUNT 1 – HOSTILE WORK ENVIRONMENT

26. Plaintiff realleges all facts set forth above as if set forth herein.

27. Plaintiff incorporates by reference his Formal EEO Complaint filed on July 15, 2005.

28. Plaintiff was subject to a severe and pervasive working environment by Defendant when his supervisors they took the actions mentioned in Plaintiff's formal complaint.

29. But for the Defendant's acts, Plaintiff would not have been subject to a Hostile Work Environment.

## COUNT 2 – DISPARATE TREATMENT BASED ON AGE

30. Plaintiff realleges all facts set forth above as if set forth herein.

31. Plaintiff incorporates by reference his Formal EEO Complaint filed on July 15, 2005.

32. Plaintiff was subject to disparate treatment based on age by the Defendant when his supervisors took the actions mentioned in Plaintiff's formal complaint.

33. But for the Defendant's acts, Plaintiff would not have been subject to disparate treatment based on age.

## COUNT 3 – DISPARATE TRESATMENT BASED ON GENDER

34. Plaintiff realleges all facts set forth above as if set forth herein.

35. Plaintiff incorporates by reference his Formal EEO Complaint filed on July 15, 2005.

36. Plaintiff was subject to disparate treatment based on gender by the Agency when supervisors took the actions mentioned in Plaintiff's formal complaint.

37. But for the Defendant's acts, Plaintiff would not have been subject to disparate treatment based on gender.

### COUNT 4 – RETALIATION

38. Plaintiff realleges all facts set forth above as if set forth herein.

39. Plaintiff incorporates by reference his Formal EEO Complaint filed on July 15, 2005.

40. Plaintiff was subject to retaliation for prior protected activity by Defendant when his supervisors took the actions mentioned in Plaintiff's formal complaint.

41. But for the Defendant's acts, Plaintiff would not have been subject to Retaliation.

**WHEREFORE**, Plaintiff further prays this court to:

1. Grant him declaratory and injunctive relief;
2. Award him all lost pay and benefits and otherwise make him whole;
3. Award him compensatory damages as permitted by 42 U.S.C. 1981a, in an amount to be shown at trial;
4. Award him costs and attorneys' fees incurred in bringing and maintaining this action; and
5. Grant him such other and further relief as justice may require.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

_____
Richard L. Miller, Plaintiff



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Richard Miller,
Complainant,

v.

Ellen Engleman Conners,
Chairman,
National Transportation Safety Board,
Agency.

Appeal No. 0120064531[1]

Agency No. NTSB200507

DISMISSAL OF APPEAL

By Notice of Appeal postmarked August 1, 2006, complainant filed an appeal with this Commission from the September 23, 2005 final agency decision (FAD) dismissing his EEO complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*

The record reveals that complainant asserts he received the FAD in early October 2005. A review of the FAD reveals that the agency properly advised complainant that he had thirty (30) calendar days after receipt of its final decision to file his appeal with the Commission. Therefore, in order to be considered timely, complainant had to file his appeal no later than November 1, 2005. Complainant has not offered adequate justification for an extension of the applicable time limit for filing his appeal. The Commission notes that complainant was capable of pursuing a worker's compensation claim, filing *pro se* in court, and filing a new EEO complaint during the time period he asserts he was incapacitated. Accordingly, complainant's August 1, 2006 appeal is hereby dismissed. *See* 29 C.F.R. § 1614.403(c).

---

[1] Due to a new Commission data system, this case has been redesignated with the above-referenced appeal number.

2                                                                    0120064531

# STATEMENT OF RIGHTS - ON APPEAL

## RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

3                                                                 0120064531

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
_____
Carlton M. Hadden, Director
Office of Federal Operations

DEC 1 5 2006
_____
Date

4                                                                                      0120064531

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Richard Miller
1515 Arlington Ridge
Rd, #304
Arlington, VA  22202

Michael J. Snider
104 Church Ln
#201
Baltimore, MD  21208

Fara Guest, EEO Director
National Transportation Safety Board
490 L'Enfant Plaza E  SW  #6121
Washington, DC  20594

DEC 1 5 2006
_____
Date

_[signature]_
_____
Equal Opportunity Assistant

07-562
GK F

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Richard L. Miller

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Mark V. Rosenker
NTSB (National Transportation Safety Board)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Pro Se

Case: 1:07-cv-00562
Assigned To : Kessler, Gladys
Assign. Date : 3/21/2007
Description: MILLER v. ROSENKER

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☒ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

Stamp: RECEIVED U.S. DISTRICT COURT DISTRICT OF COLUMBIA 2007 MAR 20 PM 10: 22 NANCY M. MAYER-WHITTINGTON CLERK

**V. ORIGIN**
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ Appeal to District Judge from Mag. Judge

Handwritten: EEOC  Title VII - Civil Rights Act Discrimination Emp Ac ADCA  49 USC 2000e-see(3)  29 USC 633 c

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Dismissal of EEO Appeal, Appeal No. 01200645331 50700 — see Appeal

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☒ YES ☐ NO  If yes, please complete related case form.

DATE 1/20/07  SIGNATURE OF ATTORNEY OF RECORD [signature]  1/20/07

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.