UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 07-0562 (GK) |
| | ) | |
| MARK V. ROSENKER, Chairman, | ) | |
| National Transportation Safety Board | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MOTION TO DISMISS**

Plaintiff purports to bring this action against Defendant Mark V. Rosenker ("Defendant"), Chairman, National Transportation Safety Board ("NTSB" or "Agency") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA") seeking redress for alleged discrimination, though from the face of the Complaint it is unclear which acts Plaintiff believes were discriminatory. Defendant hereby moves pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and/or (6) to dismiss the complaint for lack of jurisdiction over the subject matter of this action and for failure to state a claim upon which relief can be granted.

In support of this Motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities, and exhibits attached thereto. Because this is a dispositive motion, Defendant has not sought Plaintiff's consent. *See* L. Civ. R. 7(m).

Dated: February 15, 2008
        Washington, DC

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


          /s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


          /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 07-0562 (GK) |
| | ) | |
| MARK V. ROSENKER, Chairman, | ) | |
| National Transportation Safety Board, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

For the reasons stated below, Defendant Mark V. Rosenker ("Defendant"), Chairman, National Transportation Safety Board ("NTSB" or "Agency"), hereby respectfully moves, pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and/or (6), to dismiss the complaint ("Complaint") filed by Plaintiff Richard Miller ("Plaintiff" or "Miller") in this action.[1]

**PRELIMINARY STATEMENT**

Plaintiff purports to bring this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) ("Title VII"), and the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 633 (c) ("ADEA"), alleging that the Agency discriminated against him due to his gender and age under a disparate treatment theory of liability, retaliated against him for his prior EEO activity, and created a hostile work environment. Plaintiff does not allege any facts concerning the alleged discriminatory acts that

---

[1]    It is unclear from the face of the Complaint whether Plaintiff also intends the NTSB itself to be a defendant in this action. If the Court deems the Complaint to include the NTSB as a defendant, the NTSB should be summarily dismissed as "the head of the agency is the only proper defendant in a Title VII action." *Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985), *citing* 42 U.S.C. § 2000e-16(c) (1982).

form the bases of his claims, but rather refers to his formal EEO complaint ("Administrative Complaint") for a listing of sixteen alleged instances of discrimination. For a number of reasons Plaintiff's Complaint lacks merit.

*First*, Plaintiff's claims are barred because he failed to exhaust his administrative remedies. That is, Plaintiff (a) untimely filed his appeal with the Equal Opportunity Employment Commission ("EEOC"); and (b) failed to cooperate in the administrative process by failing to describe the action(s) or practice(s) that formed the basis(es) of his Administrative Complaint upon request.[2]

*Second*, even if Plaintiff properly exhausted his administrative remedies, he has failed to state a claim upon which relief may be granted because the Complaint is time barred. Specifically, Plaintiff filed this action 91 days after he received the EEOC decision that dismissed his administrative appeal as untimely. Accordingly, because the applicable limitations period to file a civil action after an EEOC appeal is 90 days, Plaintiff's Complaint is untimely.

*Third*, in the alternative, Plaintiff's Complaint fails to fulfill the basic pleading requirements for a civil action. Indeed, although Plaintiff incorporates by reference his Administrative Complaint, such complaint completely lacks any description of any

---

[2]    Although the Agency believes that the later exhaustion argument is properly made in a motion pursuant to Rule 12(b)(1), there exists considerable confusion and debate as to whether a "non-timeliness" failure to exhaust is properly viewed as a jurisdictional defect under Title VII and the ADEA. *Compare Mills v. Billington*, Civ. A. No 04-2205 (HHK), 2006 WL 1371683, at *2 (D.D.C. May 16, 2006) ("It is well-settled that a plaintiff's failure to exhaust her administrative remedies will deprive a district court of subject matter jurisdiction[.]"); *Williams v. Chertoff*, Civ. A. No. 05-0211 (RCL), 2005 WL 3200794, at *1 (D.D.C. Nov. 1, 2005) (same); *with Holmes v. PHI Serv. Co.,* 437 F. Supp. 2d. 110, 118-23 (D.D.C. 2006) (Walton, J.) (non-timeliness failure to exhaust is not a jurisdictional defect); *see also Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003) (recognizing that prior D.C. Cir. decisions have reached conflicting answers as to whether a failure to exhaust is jurisdictional, but declining to decide the matter); *Mianegaz v. Hyatt Corp.*, 319 F. Supp. 2d 13, 17 (D.D.C. 2004) (Urbina, J.) (same); *but see Carter v. Wash. Metro. Transit Auth.*, 451 F. Supp. 2d 150, 153 (D.D.C. 2006) (Leon, J.) (rejecting *Holmes*), *rev'd on ot. grounds*, 503 F.3d 143. However, much like in *Rann*, the distinction for purposes of this Motion is academic as dismissal is appropriate under either Rule 12(b)(1) or Rule 12(b)(6).

discriminatory acts, does not describe how any such acts were discriminatory, and fails to identify who allegedly discriminated against Plaintiff.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice, or in the alternative, without prejudice.

## BACKGROUND[3]

### A.    Plaintiff Files His Administrative Complaint.

On July 15, 2005, Plaintiff filed his Administrative Complaint with the NTSB.  *See* Compl. at ¶ 3; Admin. Compl. at 3, attached hereto as Ex. 1 ("Attached Ex. 1") (incorporated by reference into the Complaint at ¶¶ 27, 31, 35, 39).  In his Administrative Complaint, Plaintiff alleged that the NTSB discriminated against him on the basis of his gender (male), age (56 years old at the time), and reprisal.  *See* Admin. Compl. at 2, Attached Ex. 1.  In the space provided to

---

[3]    To the extent this motion is deemed pursuant to Rule 12(b)(1), the Court is permitted to refer to documents outside of the Complaint in considering this Motion.  *See Zivotofsky v. Sec'y of State*, 511 F. Supp. 2d 97, 102 (D.D.C. 2007) (Kessler, J.) ("In making its determination regarding the existence of subject matter jurisdiction, the court may consider matters outside the pleadings[.]").  Moreover, pursuant to Rule 12(b)(6), the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Brown v. Bureau of Prisons*, 498 F. Supp. 2d 298, 301 (D.D.C. 2007) (Kessler, J.) (internal quotations omitted).  Indeed, the exhibits attached hereto are referred to by the Complaint, explicitly incorporated into the Complaint, or are of the type of which judicial notice may be taken. *See generally Covad Commc'ns. Co. v. Bell Atl. Corp.*  407 F.3d 1220, 1222 (D.C. Cir. 2005) (a court may refer to other opinions in considering a Rule 12(b)(6) motion); *Conecuh-Monroe Cmty. Action Agency v. Bowen*, 852 F.2d 581, 583 (D.C. Cir. 1988) (taking judicial notice of an administrative decision).  Accordingly, to the extent the Court deems it necessary to refer to the attached exhibits in considering this Motion, it may do so.

Furthermore, if the Court finds it necessary to rely upon materials beyond those permitted in considering a Rule 12(b)(6) motion, it may do so by converting this Motion and entering summary judgment in favor of Defendant.  See Fed. R. Civ. P. 12(b); 56.  Plaintiff should take notice that any factual assertions contained in the documents attached to this motion may be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in such documents.  *See Neal v. Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992); LCvR 7(h); Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial.  If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.").

"explain specifically how you were discriminated against," Plaintiff included the following

vague listing of sixteen allegations:

Allegation No. 1:     03 Performance
Allegation No. 2:     Position Duties
Allegation No. 3:     Reassignment
Allegation No. 4:     Work Assignments
Allegation No. 5:     Computer
Allegation No. 6:     Non-Selections
Allegation No. 7:     Detail Opportunities
Allegation No. 8:     Harassment :
Allegation No. 9:     Warning Letter
Allegation No. 10:    Detailees
Allegation No. 11:    03 Performance Questions
Allegation No. 12:    04 Mid-Point
Allegation No. 13:    04 Performance
Allegation No. 14:    Purchase Card Transition
Allegation No. 15:    Disparate Treatment
Allegation No. 16:    Continuous Reprisal/Retaliation

Admin. Compl. at 2, Attached Ex. 1.

## B.    <u>The Agency's EEO Office Requests Clarification of the Administrative Complaint.</u>

Recognizing the deficiency in Plaintiff's Administrative Complaint, by email on July 21,

2005 (the "July 21, 2005 Email"), the Agency's EEO office ("EEO Office") requested

clarification of Plaintiff's claims within fifteen days thereof.  *See* Compl. at ¶ 17, *referring to*

Email from F. Guest to R. Miller of 08/18/2005 attaching July 21, 2005 Email, Attached Ex. 2.

Specifically, the Agency's EEO Director requested that Plaintiff identify the "specific allegedly

discriminatory action that forms the basis of each claim," "the specific basis(es) of

discrimination that you are raising with respect to each claim," "the dates on which each alleged

act of discrimination occurred," and "the individual(s) who took the actions which form the basis

of your claims(s)."  *Id.* at 2.   Additionally, the July 21, 2005 Email notified Plaintiff that

Plaintiff's "failure to provide the requested information within 15 calendar days may result in the dismissal of [his] complaint in accordance with 29 C.F.R. § 1614.107(a)(7)." *Id.*

Approximately 20 days later (5 days after the stated deadline), on August 10, 2005, Plaintiff requested additional time to respond to the EEO Office's request for clarification. *See* Compl. at ¶ 18; Email from R. Miller to F. Guest of 08/10/2005, Attached Ex. 3. Thereafter, on August 18, 2005, the EEO Office approved this first request, giving Plaintiff an additional 15 days to respond to the July 21, 2005 Email. *See* Compl. at ¶ 18; Email from F. Guest to R. Miller of 08/18/2005, Attached Ex. 2.

**C.    The Agency's EEO Office Dismisses the Administrative Complaint.**

Approximately one-month later (*i.e.*, over two weeks after the deadline set by August email exchange), Plaintiff again requested additional time to respond to the July 21, 2005 Email. *See* Compl. at ¶ 19; Email from R. Miller to F. Guest of 09/16/2005, Attached Ex. 4; FAD at 2, Attached Ex. 5. However, on September 23, 2005, the EEO Office issued its Final Agency Decision ("FAD"), finding that Plaintiff failed to cooperate with a written request to provide relevant information pursuant to 29 C.F.R. § 1614.107(a)(7), and rejecting Plaintiff's second request for an extension as untimely and without support. *See* Compl. at ¶ 20; FAD at 2-3, Attached Ex. 5.

**D.    Over Ten Months After Receiving the FAD, Plaintiff Files an EEOC Appeal.**

By Notice of Appeal postmarked August 1, 2006, Plaintiff attempted to appeal the FAD to the EEOC. *See* Compl. ¶¶ 21-23; EEOC Decision at 1, Attached Ex. 6. According to Plaintiff's own allegations, Plaintiff filed this EEOC appeal 10 months after receiving a copy of the FAD. *See* Compl. at ¶ 23. To explain this delay, Plaintiff alleges that he was "severely

- 5 -

incapacitated, both physically and psychologically, and did not fully comprehend the rules and regulations associated with timely EEO filings," (Compl. at ¶ 23) which caused his late filing of his EEOC Appeal.  *Id.* at ¶ 25.  Despite his alleged incapacitation, however, Plaintiff was able to file the following papers in other actions during the ten month delay:

> A.  On December 28, 2005, Plaintiff initiated *Miller v. Rosenker*, Civ. A. No. 05-2478 (GK) ("*Miller I*"), by filing a *pro se* Complaint.  *See Miller v. Rosenker*, Civ. A. No. 05-2478 (GK), Docket Entry No. 1.

> B.  On April 7, 2006, Plaintiff filed a *pro se* Motion for Court Appointed Counsel in *Miller I*.  *See Miller I*, Docket Entry No. 4.

> C.  On April 25, 2006, Plaintiff filed a *pro se* Opposition to a defense Motion for an Extension of Time in *Miller I*.  *See Miller I*, Docket Entry No. 8.

Furthermore, Plaintiff's claim that he "did not fully comprehend the rules and regulations associated with timely EEO filings," (Compl. at ¶ 23) is belied by numerous administrative and public filings.  *First*, the FAD expressly explained the applicable time limits for instituting an EEOC appeal.  *See* FAD at 3-4, Attached Ex. 5.  *Second*, Plaintiff is well aware of the EEO process and, in fact, instituted another administrative complaint during the 10 month delay, which unlike the Administrative Complaint contained a 6-page single spaced narrative of the alleged discrimination. *See* Draft Formal Complaint of Discrimination of 01/20/2006, Attached Ex. 7.  *Lastly*, and most tellingly, shortly after receiving the FAD, the EEOC issued a decision dismissing Plaintiff's prior administrative appeal as untimely.  *See Miller v. Mineta*, EEOC Appeal 01A53819 (E.E.O.C. Oct. 12, 2005), Attached Ex. 8.

**E.   The EEOC Dismisses Plaintiff's Administrative Appeal as Untimely, and Plaintiff Untimely Files this Action.**

On December 15, 2006, the EEOC issued a decision dismissing Plaintiff's administrative appeal as untimely.  *See* EEOC Decision at 4, Attached Ex. 6.  According to Plaintiff's own

allegations, he received a copy of such decision on December 20, 2006. *See* Compl. at ¶ 5. On March 21, 2007 (*i.e.*, 91 days later), Plaintiff filed this action. *See* Docket Entry No. 1.

## ARGUMENT

Plaintiff's Complaint should be dismissed for the following reasons.

## I.    MOTION TO DISMISS STANDARD.

### A.    Lack of Subject Matter Jurisdiction.

"The court has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority[.]" *Judicial Watch, Inc. v. U.S. Food & Drug Admin.*, 514 F. Supp. 2d 84, 86 (D.D.C. 2007) (Lamberth, J.). "To prevail on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), it is the plaintiff's burden to establish that the court has subject matter jurisdiction to hear the case." *Zivotofsky v. Sec'y of State*, 511 F. Supp. 2d 97, 101 (D.D.C. 2007) (Kessler, J.). That is, "Federal courts are courts of limited jurisdiction and the law presumes that a cause lies outside this limited jurisdiction." *Larsen v. U.S. Navy*, 486 F. Supp. 2d 11, 18 (D.D.C. 2007) (Urbina, J.) (internal quotations omitted). Moreover, as mentioned above (*supra* at n.3), "[i]n making its determination regarding the existence of subject matter jurisdiction, the court may consider matters outside the pleadings." *Evans-Hoke v. Paulson*, 503 F. Supp. 2d 83, 85 (D.D.C. 2007) (Kessler, J.) (holding, *inter alia*, that the Court lacked subject matter jurisdiction to hear taxpayer's claim for damages, as taxpayer failed to exhaust her administrative remedy). For the reasons stated below, when this standard is applied to Plaintiff's claims, such claims should be dismissed due to Plaintiff's failure to exhaust his administrative remedies by failing to cooperate with the administrative process. *See supra* at n.2.

**B.** <u>**Failure to State A Claim Upon Which Relief Can Be Granted.**</u>

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007) (clarifying the standard from *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also In re Sealed Case*, 494 F.3d 139, 145 (D.C. Cir. 2007), *citing Twombly*. Hence, the focus is on the language in the complaint, and whether that language sets forth sufficient factual allegations to support Plaintiff's claim for relief. *Id.* Indeed, "'[w]ithout some factual allegation in the complaint, it is hard to see how a [plaintiff] could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.'" *Chung v. Chao*, 518 F. Supp. 2d 270, 273, n.3 (D.D.C. 2007) (Kessler, J.), *quoting Twombly*.

The Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all inferences that can be derived from the facts as they are alleged in the complaint. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004), *citing Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)). However, the Court need not accept any inferences or conclusory allegations that are unsupported by the facts pleaded in the complaint. *Linares v. Jones*, 04-0247(GK), 2007 WL 1601725, at *6 (D.D.C. June 4, 2007), *citing Kowal*, 16 F.3d at 1276. Moreover, the Court need not "accept legal conclusions cast in the form of factual allegations." *Id.* For the reasons stated below, even if this Court has subject matter jurisdiction, Plaintiff has failed to plead a claim upon which relief can be granted.

## II.    PLAINTIFF'S CLAIMS ARE BARRED BECAUSE HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

Under rulemaking authority delegated by Title VII (*see* 42 U.S.C. § 2000e-16(b)), the EEOC has "established detailed procedures for the administrative resolution of discrimination complaints, including a series of time limits for seeking informal adjustment of complaints, filing formal charges, and appealing agency decisions to the Commission." *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997); 29 C.F.R. § 1614 (Federal Sector Equal Employment Opportunity).  To preserve a claim of unlawful employment discrimination, federal employees are required to exhaust their administrative remedies through the procedures contained in these federal regulations.  That is, Federal employees may file a civil action under Title VII concerning employment discrimination only after exhausting their administrative remedies before the concerned Federal agency for each discrete alleged discriminatory act.  42 U.S.C. § 2000e-16(c); *Nat'l Passenger R.R. Corp. v. Morgan*, 536 U.S. 101 (2002).

It is well settled that failure to follow these regulatory procedures requires dismissal because the time limits contained in such procedures, which serve as the basis for the limited waiver of sovereign immunity in section 2000e-16(c), must be strictly construed.  *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 94 (1990).  Indeed, Courts have strictly enforced the time limits in the administrative EEO process and have dismissed claims for failing to comply with such limits.  *See Brown v. Marsh*, 777 F.2d 8, 13 (D.C. Cir. 1985) ("A plaintiff who fails to comply, to the letter, with administrative deadlines ordinarily will be denied a judicial audience"); *Williamson v. Shalala*, 992 F. Supp. 454, 457 (D.D.C. 1998) ("non-compliance with administrative deadlines will bar a plaintiff from litigating his claims in court"); *see also Smith v. Henderson*, 137 F. Supp. 2d 313, 316 (S.D.N.Y.

2001) (failure to comply with the time provisions of 29 C.F.R. § 1614.407 warrants dismissal of the case).

Under the ADEA, a federal employee who believes that he has been the victim of age discrimination has two alternative avenues to seek relief. *See Stevens v. Dep't of Treasury*, 500 U.S. 1 (1990). First, similar to Title VII, the employee may pursue an administrative remedy and then, if unsatisfied, he may bring a civil action. Under this option, as with other kinds of discrimination and retaliation claims, the employee must raise the matter within 45 days of the alleged unlawful action -- *i.e.*, the plaintiff must bring the complaint to the attention of an EEO counselor. *See* 29 C.F.R. § 1614.105. Alternatively, the aggrieved employee may seek a remedy in federal district court in the first instance, provided (i) that the employee gives EEOC not less than 30 days notice of intent to file such a civil action and (ii) that such notice is filed within 180 days after the alleged unlawful act occurred. 29 U.S.C. § 633a(c); *see also Thorne v. Cavazos*, 744 F. Supp. 348, 350 (D.D.C. 1990). Proper exhaustion by one method or the other is required. *Rann*, 346 F.3d at 192 (affirming dismissal of suit brought under ADEA for failure to exhaust administrative remedies). Quite clearly, Plaintiff chose to proceed under the former option as his Administrative Complaint appears to allege some sort of discrimination based upon his age, and Plaintiff never filed an intent to sue notice with the EEOC.

For two independent reasons, Plaintiff failed to exhaust his administrative remedies and, thus, is precluded from maintaining this action

A.     **Plaintiff Failed to Exhaust His Administrative Remedies Because He Did Not Cooperate with a Request for Information Concerning His Administrative Complaint.**

Pursuant to 29 C.F.R. § 1614.107(a)(7), an agency may dismiss an administrative complaint:

> Where the agency has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of its receipt or the complainant's response does not address the agency's request, provided that the request included a notice of the proposed dismissal.

*Id.*    If an administrative complaint is appropriately dismissed pursuant to this provision, a plaintiff cannot maintain a civil action because plaintiff has failed to exhaust his administrative remedies.  *Rann v. Chao*, 154 F. Supp. 2d 61, 66 (D.D.C 2001) (Urbina, J.) (dismissing civil action brought under ADEA when administrative complaint was properly dismissed for failure to cooperate with agency EEO investigation, finding plaintiff failed to exhaust, and thus, the court lacked subject-matter jurisdiction), *aff'd Rann*, 346 F.3d at 19, *citing* 29 C.F.R. § 1614.107(a)(7); *Carmona v. O'Neill*, No. 02-5088, 2002 WL 1635379, at *1 (D.C. Cir. July 23, 2002) ("Appellant failed to exhaust her administrative remedies for her national origin, sex discrimination, and retaliation claims, because she failed to provide sufficient information to enable appellee to investigate her administrative complaints."), *citing* 29 C.F.R. § 1614.107(a)(7);  *Wilson v. Peña*, 79 F.3d 154, 164-65 (D.C. Cir. 1996) ("If a complainant forces an agency to dismiss or cancel the complaint by failing to provide sufficient information to enable the agency to investigate the claim, he may not file a judicial suit."), *citing* predecessor to 29 C.F.R. § 1614.107(a)(7).  The purpose of this rule is clear, "[a]gencies cannot make informed decisions based on vague allegations of discrimination without details or dates because this

- 11 -

frustrates the agencies' ability to investigate complaints" and impedes their efforts to issue final rulings on the merits." *Artis v. Greenspan*, 158 F.3d 1301, 1306 (D.C. Cir. 1998) (internal quotations omitted), *citing among others, Pack v. Marsh*, 986 F.2d 1155 (7th Cir. 1993) (per curiam) (when agency is not given the opportunity to reach merits of an EEOC claim, federal courts will not reach the merits either).

As noted above, the Agency's EEO Office found Plaintiff's vague listing of allegations to be insufficient, and requested clarification. *See supra* at 3-5. In its request for clarification, it specifically noted that Plaintiff's Administrative Complaint may be dismissed in accordance with 29 C.F.R. § 1614.107(a)(7) if Plaintiff did not timely respond to its request. *See* Email from F. Guest to R. Miller of 08/18/2005 attaching July 21, 2005 Email, Attached Ex. 2 (referenced in Compl. at ¶ 17). Despite this warning, and granting Plaintiff more time to respond, Plaintiff failed to respond to the EEO Office's request. Accordingly, the EEO Office dismissed Plaintiff's Administrative Complaint and issued the FAD. Because Plaintiff failed to comply with the EEO Office's appropriate request for information, Plaintiff failed to exhaust his claims. Therefore, this action should be dismissed for lack of subject matter jurisdiction and/or failure to state a claim upon which relief may be granted.

   **B.     Plaintiff Failed to Exhaust His Administrative Remedies Because He Untimely Filed His EEOC Appeal.**

As noted above, Plaintiff filed his EEOC appeal over ten months after the Agency's EEO Office issued its FAD. Because this filing was well after the 30 day deadline for taking such an administrative appeal, Plaintiff's claims are now barred.

**1.    Plaintiff Concedes that He Filed His EEOC Appeal After The Applicable Deadline.**

Pursuant to 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407, a complainant who receives a final adverse decision from his agency on a Title VII or ADEA claim may appeal that decision to the EEOC within 30 days, or may file a civil action within 90 days. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a).  If a Plaintiff chooses to file an EEOC appeal, a failure to comply with the prescribed 30 day deadline constitutes a failure to exhaust.  *See Rao v. Baker*, 898 F.2d 191, 195 (D.C. Cir. 1990) (dismissing complaint when Plaintiff made untimely EEOC appeal, rejecting application of equitable tolling); *Koch v. Donaldson*, 260 F. Supp. 2d 86, 93 (D.D.C. 2003) (Friedman, J.) ("The Court therefore concludes that plaintiff's failure to file a timely notice of appeal of the [Agency's] administrative decision constituted a failure to exhaust his administrative remedies[.]"); *Kaanapu v. Potter*, 51 Fed. Appx. 244, 247, 2002 WL 31557937, at **3 (9th Cir. 2002) (finding that Plaintiff failed to exhaust when Plaintiff chose to pursue an EEOC appeal, but untimely filed such an appeal, holding, "[b]ecause [Plaintiff] elected to seek initial review of the [] final agency decision by the EEOC, rather than by a district court, her equal employment discrimination claim must comply with EEOC procedural requirements.").  "The timeliness requirements for administrative proceedings prescribed by Title VII are non-jurisdictional prerequisites." *Holmes v. PHI Serv. Co.*, 437 F. Supp. 2d 110, 119 (D.D.C. 2006), *citing De Medina v. Reinhardt,* 686 F.2d 997, 1012 (D.C. Cir. 1982), *and Stewart v. Ashcroft,* 352 F.3d 422, 425 (D.C. Cir. 2003).  Because Plaintiff himself admits that he filed his EEOC appeal more than 30 days after receiving the FAD, his claims are barred for a failure to exhaust.

### 2.     Equitable Tolling Cannot Excuse Plaintiff's Delay.

Although the time period to file an EEOC appeal may be equitably tolled, Plaintiff has failed to plead, and in fact lacks, any support for such tolling in this action.  Pursuant to 29 C.F.R. § 1614.604(a)(c), like other EEO time limits, the time period for filing an EEOC appeal is subject to equitable tolling.  However:

> "[t]he court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." Such instances include where (1) "a claimant has received inadequate notice," (2) "where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction," (3) "where the court has led the plaintiff to believe that she had done everything required of her," or (4) "where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon."

*Bass v. Bair*, 514 F. Supp. 2d 96, 99 (D.D.C. 2007) (Kessler, J.) (refusing to apply equitable tolling to plaintiff's Title VII claims), *quoting, Mondy v. Sec'y of the Army,* 845 F.2d 1051, 1057 (D.C. Cir. 1988).  Moreover, "[e]quitable tolling does not apply where the claimant failed to exercise due diligence in preserving his legal rights.  The plaintiff has the burden of pleading and proving any equitable reasons for his or her failure to comply with Title VII's time requirements."  *Bass*, 514 F. Supp. 2d at 99 (internal quotations and citations omitted).

Equitable tolling is available when a person is mentally incapacitated or *noncompos mentis*.  *See Speiser v. U.S. Dep't of Health & Human Servs.*, 670 F. Supp. 380, 385 (D.D.C. 1986) (rejecting application of tolling based upon a mental incapacity to plaintiff's Title VII administrative time periods); *Gupta v. Northrop Grumman Corp.*, 462 F. Supp. 2d 56, 60 (D.D.C. 2006) (Roberts, J.) (same as to plaintiff's ADA and Rehabilitation Act claims).  However, "[e]quitable tolling based on a plaintiff's *non compos mentis* status is permitted only in

- 14 -

carefully circumscribed instances in which a plaintiff is completely incapable of handling his affairs and legal rights." *Gupta*, 462 F. Supp. 2d at 59; *Speiser*, 670 F. Supp. at 384 (tolling available only when Plaintiff's "disability is of such a nature as to show plaintiff is unable to manage his business affairs or estate, or to comprehend his legal rights or liabilities.") (internal quotations omitted). Indeed, this high bar is employed to "protect defendants against specious allegations of mental incompetence advanced in efforts to save time-barred claims." *Speiser*, 670 F. Supp. at 384, *citing*, *Basset v. Sterling Drug, Inc.*, 578 F. Supp. 1244, 1284 (D.C. Ohio 1984) (holding that equitable tolling based upon mental incapacitation is only available when plaintiff is adjudicated incompetent or is confined to an institution under a "diagnosed condition which renders him incompetent"). The EEOC itself has concluded that equitable tolling of EEO administrative time limits based upon incapacity is only available when the plaintiff is so incapacitated by the condition as to render him physically unable to make a timely filing. *See, e.g., Perez v. Potter*, EEOC Appeal 0120080142, 2007 WL 4480926, at *2 (E.E.O.C. Dec. 17, 2007) ("When a complainant claims that a physical condition prevents him from meeting a particular filing deadline, we have held that in order to justify an untimely filing, a complainant must be so incapacitated by the condition as to render him physically unable to make a timely filing. The same is true regarding claims of incapacity related to psychiatric or psychological conditions.") (citations omitted); *McNeal v. Nicholson*, EEOC Appeal 0120061720, 2007 WL 2350821, at *2, n.3 (E.E.O.C. Aug. 8, 2007) (same); *Brown v. Chertoff*, EEOC Appeal 0120064315, 2006 WL 3543757, at *2 (E.E.O.C. Nov. 29, 2006) (same).

Applying this authority, it is clear that Plaintiff is not entitled to equitable tolling. Plaintiff's conclusory allegation that "he was severely incapacitated, both physically and

- 15 -

psychologically, and did not fully comprehend the rules and regulations associated with timely EEO filings," is an insufficient basis for equitable tolling and is flatly contradicted by Plaintiff's activities in other actions. *First*, at most Plaintiff alleges that his understanding was impaired due to an unidentified condition. *See* Compl. at ¶¶ 15, 23. Mere impairment of judgment or understanding, however, is insufficient to invoke equitable tolling based upon mental incapacitation. *See Speiser*, 670 F. Supp. at 384 ("*impaired judgment* is not enough to toll the statute of limitations) (emphasis in original). Indeed, Plaintiff fails to plead facts upon which this Court could conclude that he was unable to handle his affairs or timely file his EEOC appeal. *Second*, Plaintiff's *pro se* filings in other actions, noted above, and the EEOC's decision rejecting Plaintiff's prior EEOC appeal as untimely (issued mere days after the FAD and before Plaintiff's 30 day time limit had expired), all contradict Plaintiff's conclusory allegation that he did not fully comprehend the need to timely file his EEO appeal. *See supra* at 6; *Miller v. Mineta*, EEOC Appeal 01A53819 (E.E.O.C. Oct. 12, 2005), Attached Ex. 8. Accordingly, Plaintiff failed to exhaust his administrative remedies because his EEOC appeal was untimely.

## III.  PLAINTIFF'S COMPLAINT IS TIME BARRED.

Even if Plaintiff was to have exhausted his administrative remedies, this action should be dismissed because Plaintiff filed his Complaint after the applicable statute of limitations. If a federal employee wishes to bring a civil action under Title VII after an EEOC appeal, s/he must file a civil complaint "within 90 days after receipt of the EEOC's final decision on appeal." 29 C.F.R. § 1614.407(d); *see also* 42 U.S.C. § 2000e-16(c). Civil actions pursuant to the ADEA are subject to the same requirement. *See Price v. Bernanke*, 470 F.3d 384, 389 (D.C. Cir. 2006). "Courts apply this limit strictly and 'will dismiss a suit for missing the deadline by even one

day.'" *Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007), *quoting Wiley v. Johnson,* 436 F. Supp. 2d 91, 96 (D.D.C. 2006) (Collyer, J.) (granting summary judgment in favor of defendant when plaintiff filed her Title VII complaint more than 90 days after receiving notice of final agency action). Indeed, a number of judges in this District, including this Court, have dismissed actions when a plaintiff filed his/her complaint one or two days after the 90 day limitations period expired. *See, e.g.*, *Bass v. Bair*, 514 F. Supp. 2d 96, 99 (D.D.C. Oct. 16, 2007) (Kessler, J.) (granting summary judgment when Title VII complaint was two days late); *Smith v. Dalton*, 971 F. Supp. 1, 3 (D.D.C. 1997) (Robertson, J.) (granting summary judgment when *pro se* Title VII complaint was one day late); *Wolfe v. Danzig*, No. 00-CV-1458, 2001 WL 1661479, at *4 (D.D.C. June 1, 2001) (Kay, Magistrate J.) (granting summary judgment when Title VII complaint was one day late); *Jackson v. Snow*, No. Civ. A. 05-1266, 2006 WL 212136, at *4 (D.D.C. Jan. 27, 2006) (Kollar-Kotelly, J.) (same); *Colbert v. Potter*, 471 F.3d 158, 167 (D.C. Cir. 2006) (affirming grant of summary judgment when Title VII complaint was two days late). Accordingly, based solely upon the face of the Complaint, this action is time barred.

As noted above, Plaintiff himself pleads that he received the EEOC's decision dismissing his appeal on December 20, 2006. *See* Compl. at ¶ 5. Accordingly, Plaintiff had until Wednesday, March 20, 2007 (*i.e.*, ninety days later), to file a civil action. Plaintiff, however, filed the Complaint on March 21, 2007 -- *i.e.*, ninety-one days after receiving the EEOC's final decision and one day after the limitations period had run. *See* Docket Entry No. 1. (reflecting that the Complaint in this action was filed on 03/21/2007); Compl. at 1 (clerk's FILED stamp dated 03/21/2007); *see also Smith v. Dalton*, 971 F. Supp. 1, 3 (D.D.C. 1997) ("the date of the

filing is established by the official docket").  Therefore, the Complaint is untimely and should be dismissed.[4]

## IV.    IN THE ALTERNATIVE, THE COMPLAINT FAILS TO MEET THE APPLICABLE PLEADING STANDARD.

Even if the Court does not dismiss the Complaint with prejudice, the Court should dismiss the Complaint without prejudice because Plaintiff has failed to plead a single fact upon which a Title VII or ADEA claim could be premised.

As noted above, the Supreme Court's decision in *Twombly*, 127 S. Ct. at 1974, requires a plaintiff to plead "enough facts to state a claim for relief that is plausible on its face." *Id.  Pro se* plaintiffs are afforded a somewhat more lenient standard.  In *Erickson v. Pardus*, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007), the Supreme Court noted the long established admonition that *pro se* complaints should be "liberally construed."  However, the Court's reversal of the dismissal in *Erickson* was fully consistent with the *Twombly* standard because the complaint in *Erickson* fulfilled the *Twombly* standard and included factual allegations describing the prison's termination of plaintiff's treatment for hepatitis.  *See Erickson*, 127 S. Ct. at 2200.  Accordingly, even under a liberal construction it does not suffice for a complaint to rely on conclusory

---

[4]    Although Title VII's 90 day limitations period is subject to equitable tolling, it is inappropriate in this action.  That is, Plaintiff has failed to allege any facts or circumstances that could permit equitable tolling of his limitations period to file this civil action.  Indeed, courts only sparingly grant equitable tolling, and do not apply equitable tolling when a plaintiff failed to exercise due diligence in preserving their legal rights; garden variety excusable neglect will not suffice.  *See Colbert*, 471 at F.3d 167 ("Federal courts have typically extended equitable relief only sparingly[.]") (internal quotations and citations omitted); *Wiley*, 436 F. Supp. 2d at 96 ("to apply equitable tolling, the plaintiff must have exercised due diligence and his excuse for the delayed filing must be more than a garden variety claim of excusable neglect.  The burden of pleading and proving any equitable excuse for failure to meet the ninety-day filing limit falls wholly upon the plaintiff.") (citations and internal quotations omitted); *Bass*, 514 F. Supp. 2d at 99 ("[e]quitable tolling does not apply where the claimant failed to exercise due diligence in preserving his legal rights.  The plaintiff has the burden of pleading and proving any equitable reasons for his or her failure to comply with Title VII's time requirements.") (internal quotations and citations omitted); *Dalton*, 971 F. Supp. at 3 ("[t]he tolling power is to be exercised only in extraordinary circumstances[.]").

allegations or to raise only a "suspicion" of wrongdoing. *Twombly*, 127 S. Ct. at 1965. That is, the complaint must give notice of the factual basis for the relief sought.

The Complaint in this action does not comply with this liberal pleading standard. *First*, the Complaint itself is completely devoid of any factual allegations concerning any alleged acts of discrimination. *Second*, although Plaintiff incorporates by reference the Administrative Complaint, its allegations are no more helpful in ascertaining the alleged acts of discrimination, the alleged discriminatory motive for each such act, or the injuries that Plaintiff sustained from each such act. Indeed, Plaintiff's vague listing of sixteen "Allegations" -- which includes "Allegation No. 5: Computer," and "Allegation No. 10: Detailees" -- sheds no light upon the basis for Plaintiff's claims. Accordingly, in the alternative, the Complaint should be dismissed without prejudice. *See, e.g., Chandler v. W.E. Welch & Assocs., Inc.*, --- F. Supp. 2d ---, 2008 WL 312454, at *6 (D.D.C. Feb. 5, 2008) (Friedman, J.) (dismissing, *inter alia*, *pro se* plaintiff's employment discrimination claims as not sufficiently alleged), *citing Kowal*, 16 F.3d at 1276.

*    *    *

## **CONCLUSION**

For the reasons stated above, Defendant respectfully requests that the Court dismiss the

Complaint with prejudice, or in the alternative, without prejudice.

Dated: February 15, 2008
       Washington, DC

                         Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


      /s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


      /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

- 20 -

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of February, 2008, a true and correct copy of

the above Motion to Dismiss with supporting materials was served upon Pro Se Plaintiff Richard

Miller, by first class United States mail, postage prepaid, to:

Richard Miller
1515 S. Arlington Ridge Rd., #304
Arlington, VA 22202

Respectfully submitted,

_____/s/_____

BRIAN P. HUDAK
Assistant United States Attorney
Civil Division
555 4th Street, NW
Washington, DC 20530
(202) 514-7143
brian.hudak@usdoj.gov

# EXHIBIT
# 1



## DRAFT FORMAL COMPLAINT OF DISCRIMINATION Form

### *PRIVACY ACT STATEMENT (6 USC 552a)*

| | |
|---|---|
| **Authority:** | Public Law 92-261 |
| **Principle Purpose:** | Format filing of allegation of discrimination because of race, color, religion, sex, handicap, age, national origin or reprisal. |
| **Routine:** | This form and the information on this form may be used: (a) as a data source for complaint information for production of summary descriptive statistics and analytical studies of complaints processing and resolution efforts and may also be used to respond to general requests for information under the Freedom of Information Act; (b) to respond to requests from legitimate outside individuals or agencies (e.g., Members of Congress, The White House, and the Equal Employment Opportunity Commission (EEOC) regarding the status of the complaint or appeal; and (c) to adjudicate complaint or appeal. |
| **Disclosure:** | Voluntary; however, failure to complete all appropriate portions of this form may lead to rejection of complaint on the basis of inadequate date on which to determine if complaint is acceptable. |

| | | |
|---|---|---|
| 1. NAME OF COMPLAINT (Last, First, Middle Initial)<br>Richard L. Miller | | 4. ADDRESS (Include City, State, and ZIP Code)<br>1515 Arlington Ridge Road, #304<br>Arlington, Va. 22202 |
| 2. SSN | | |
| 3b. HOME TELEPHONE NO.   3a. WORK TELPEHONE NO.<br>703-685-3709                                      202-314-6041 | | |
| 5. ARE YOU BEING REPRESENTED?<br>☐ a. Yes (Complete 5c)   X☐ b. No | | 5c. IF YES, NAME OF REPRESENTATIVE |
| 6a. NAME OF ORGANIZATION YOU BELIEVE DISCRIMINATED<br>AGAINST YOU<br>NTSB | | 6b. ADDRESS OF ALLEGED DISCRIMINATION<br>ORGANIZATION (Include City, State, and Zip)<br>490 L'Enfant Plaza, SW<br>Washington, DC 20594 |

| | | |
|---|---|---|
| 7. NTSB OFFICE YOU BELIEVE DISCRIMINATED AGAINST YOU<br>NTSB | 8. DATE ON WHICH MOST RECENT ALLEGED DISCRIMINATION OCCURRED<br>10/15/05 | 9. ARE YOU WORKING FOR THE FEDERAL GOVT.?<br>X☐ a. Yes |
| **NTSB FORM 2000-A-NOV 00** | | |

(Complete items 10,11,12)
☐ b. No
(Skip to item 13)

| | |
|---|---|
| 10. NAME OF AGENCY WHERE YOU ARE CURRENTLY EMPLOYED NTSB | 12a. TITLE OF YOUR CURRENT JOB<br><br>Financial Management Specialist |
| 11. ADDRESS OF YOUR CURRENT EMPLOYER (Include City, State, and ZIP Code)<br><br>490 L'Enfant Plaza, SW, Washington DC 20594 | 12b. GRADE GS-14 |

~~13. Reason you believe you were discriminated against (Check Below)~~

| | | |
|---|---|---|
| a. RACE (State your Race) | | e. HANDICAP<br>☐ Mental    ☐ Physical |
| b. COLOR (State your Color) | | f. SEX<br>☐ Female    X☐ Male |
| c. RELIGION (State your Religion) | | g. AGE (Specify age) 56 |
| d. NATIONAL ORIGIN (State Natl. Origin) | | h. REPRISAL Yes |

| 14. I HAVE DISCUSSED MY COMPLAINT WITH AN EO COUNSELOR (See Reverse) INTERVIEW<br>~~X☐ a. Yes (Complete 14c)    ☐ b. No~~ | 14c. IF YES, NAME OF COUNSELOR<br>Sharon Floyd | 15. DATE OF FINAL |

16. EXPLAIN SPECIFICALLY HOW YOU WERE DISCRIMINATED AGAINST (That is, treated differently from other employees or applicants, because of your race, color, religion, sex, national origin, age, mental or physical handicap, or reprisal.) If your complaint involves more than one basis for your dissatisfaction, list and number each such allegation, separately and furnish specific, factual information in support of each.) (Use additional sheets, if necessary.)

Allegation No. 1: 03 Performance
Allegation No. 2; Position Duties
Allegation No. 3: Reassignment
Allegation No. 4: Work Assignments
Allegation No. 5: Computer
Allegation No. 6: Non-Selections
Allegation No. 7: Detail Opportunities
Allegation No. 8: Harassment ;
Allegation No. 9: Warning Letter
Allegation No. 10: Detailees
Allegation No. 11 03 Performance Questions
Allegation No. 12: 04 Mid-Point
Allegation No. 13: 04 Performance
Allegation No. 14: Purchase Card Transition
Allegation No. 15: Disparate Treatment
Allegation No. 16: Continuous Reprisal/Retalation

See previous emails and Counselor's Report

17. LIST IN ITEM 20 THE NAMES OF YOUR WITNESSES AND WHAT FACTUAL INFORMATION EACH WILL BE EXPECTED TO CONTRIBUTE THROUGH HIS/HER TESTIMONY TO THE INVESTIGATION OF YOUR COMPLAINT.

NTSB FORM 2000-A-NOV 00

19. HAVE THE MATTERS LISTED IN ITEM 16 BEEN APPEALED TO THE MERIT SYSTEM PROTECTION BOARD OR
    FILED UNDER A NEGOTIATED GRIEVANCE PROCEDURE?

    ☐ a. Yes (Explain in item 20)   x☐ b. No

20. REMARKS

| 21. SIGNATURE OF COMPLAINANT | 22. DATE THIS COMPLAINT FORM WAS SIGNED BY THE COMPLAINT (Month, day, year) |
|---|---|
| *[signature]* | 7/15/05 |

NTSB FORM 2000-A-NOV 00

## To be Completed by the NTSB's EEO Director

I certify that: (1) The complainant has reaffirmed this complaint in my presence and has stated that the facts contained therein are true to the best of his/her knowledge; (2) a determined effort at informal resolution of this complaint failed to produce a solution satisfactory to the complainant; and (3) local management in the appropriate change of command has been informed concerning the complaint and its submission in the above format.

| 23. SIGNATURE OF EEOO | 24a. TYPED NAME AND TITLE OF EEO Director |
|---|---|
| | 24b. ADDRESS OF EEO Office |
| 25. DATE COMPLAINT FILED WITH EEOO PROCESSING | 26. TELEPHONE NO. OF EEO Office<br><br>COMPLAINT |

The matter(s) giving rise to the complaint will be coded using one or more of the following codes:

| CATEGORY | CODE | CATEGORY | CODE | CATEGORY | CODE |
|---|---|---|---|---|---|
| Appointment | (1) | Training | (9) | Reprisal | (17) |
| Promotion | (2) | Time & Attendance | (10) | Pay, including Overtime | (18) |
| Reassignment | (3) | Retirement | (11) | Conversion to Full Time/ | |
| Separation/Termination | (4) | Assignment to Duties | (12) | Career Conditional | (19) |
| Suspension | (5) | Exam/Test | (13) | Reinstatement | (20) |
| Reprimand | (6) | Work Conditions | (14) | Awards | (21) |
| Evaluation/Appraisal | (7) | Harassment | (15) | And/Or Other (Specify) | (22) |
| Duty Hours | (8) | Sexual Harassment | (16) | | |

| 27. Enter Code(s) for Matter (s)<br>Giving Rise to the Complaint | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

### INFORMATION CONCERNING THE PROCESSING OF YOUR COMPLAINT OF DISCRIMINATION

This form will be used only if you, as an NTSB employee or as an applicant for Federal employment, think you have been treated unfairly because of your race, color, religion, sex, national origin, age, mental or physical handicap, or reprisal. If you have any questions concerning the completion of this form, you may contact the Equal Employment Opportunity Officer (EEOO) at NTSB.

Your written, formal complaint must be filed within 15 calendar days of the date of your final interview with the EEO counselor. If the matter has not been resolved to your satisfaction you have a right to file a complaint at any time thereafter up to 15 days after the final interview. Your written formal complaint must be filed within 15 calendar days of the date of your final interview with the EEO counselor. This time limit may be extended if you can give a good reason for not submitting the complaint within the 15 calendar day limit.

You may have a representative at all stages of the processing of your complaint. You or your representative should personally file your complaint with the EEOO of your activity.

If your complaint is accepted, you will have an opportunity to talk with an impartial investigator from an independent contractor to give him or her all the facts you have which you believe will support your complaint. If your complaint is rejected, you will be advised in writing of the reason(s) and advised of the right to appeal. Upon completion of the investigation of your complaint, you will receive a copy of the investigator's report and an attempt will be made to resolve the complaint then.

If your complaint cannot be settled informally on the basis of the investigation, you may request a review of your record by the NTSB, Director of Equal Employment Opportunity, or you may request a hearing at this stage. If a hearing is requested, it will be conducted by an administrative judge designated by the EEOC. The findings, analysis, and recommendations will be forwarded to the Director of EEO for decision. You will be advised by the Director of the decision and provided a copy of the case record.

If you are not satisfied with the Director's decision, you will have the right to appeal to the Office of Review and

**NTSB FORM 2000-A-NOV 00**

Appeals of the EEOC, P.O. Box 19848, Washington, D.C. 20036, within 30 calendar days after receipt of the decision.

Please be specific in stating the facts concerning your complaint in items 15 through 19.

# EXHIBIT
# 2

Guest Fara

| | |
|---|---|
| **From:** | Guest Fara |
| **Sent:** | Thursday, August 18, 2005 11:43 AM |
| **To:** | Miller Richard |
| **Subject:** | RE: Formal Complaint |

You have an additional 15 days from today August 17, 2005 to respond to the email I sent you on 07/21/05. See below:

Office of Equal Employment Opportunity

VIA EMAIL AND REGULAR MAIL

July 21, 2005

Richard L. Miller
1515 Arlington Road #304
Arlington, VA  22202

Subject:  Acknowledgement of receipt of formal complaint and request for clarification of claims

Dear Mr. Miller:

This letter acknowledges receipt of your formal complaint dated July 15, 2005, which was received in this office on July 18, 2005.  The purpose of this letter is to request that you clarify the claim(s) you are raising by providing relevant specific and detailed information.

The Federal EEO Complaint Regulations at 29 Code of Federal Regulations ("CFR") § 1614.106(c) states in part:  "A complaint must contain a signed statement from the person claiming to be aggrieved or that person's attorney. This statement must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint" (emphasis added).  In block 16 of the NTSB Form 2000-A-Nov 00 that you submitted to this office, you have listed Allegations numbered 1 through 16 with general titles such as "03 Performance", "Position Duties", "Reassignment", "Work Assignment", etc. You provided no additional information in regard to these allegations other than these titles.  As a result it is not possible for me to identify the claim(s) you are raising, or to make a determination as to whether they meet the procedural requirements of 29 CFR 1614.

Accordingly, you are requested to clarify the claim(s) of discrimination you are raising by providing information that is sufficiently precise to allow me to make a determination of the specific actions or practices that form the basis of your complaint.  With respect to each claim you are raising you are requested to provide the following clarifying information:

1. Identify the specific allegedly discriminatory action that forms the basis of each claim, e.g., "I was discriminated against when I received a performance rating of Excellent rather than a performance rating of Outstanding".
2. State the specific basis(es) of discrimination that you are raising with respect to each claim,

1

practices that form the basis of your complaint. With respect to *each claim* you are raising you are requested to provide the following clarifying information:

1. Identify the specific allegedly discriminatory action that forms the basis of each claim, e.g., "I was discriminated against when I received a performance rating of Excellent rather than a performance rating of Outstanding".
2. State the specific basis(es) of discrimination that you are raising with respect to each claim, e.g. "I was discriminated against *because of my age (55)* when I received a performance rating of Excellent rather than a performance rating of Outstanding".
3. State the date(s) on which each alleged act of discrimination occurred, e.g., "I was discriminated against because of my age (55) when I received a performance rating of Excellent *for the rating period that ended on May 30, 2005*.
4. Identify the individual(s) who took the actions which form the basis of your claim(s), e.g. "I was discriminated against because of my age (55) when I received a performance rating of Excellent for the rating period that ended on May 30, 2005. <u>This action was taken by my first line supervisor, Joe Doe.</u>" If you do not know the identity of the individual who took the action in question, please so state.

You are requested to provide this information to the undersigned within 15 calendar days after your receipt of this letter. You are also advised that your failure to provide the requested information within 15 calendar days may result in the dismissal of your complaint in accordance with 29 CFR § 1614.107(a)(7).


Respectfully,


Fara`D. Guest
Director


| Tracking: | Recipient | Delivery | Read |
|-----------|-----------|----------|------|
| | Miller Richard | Delivered: 07/21/2005 3:16 PM | Read: 07/21/2005 3:17 PM |

# EXHIBIT
# 3

**Attachment 4**

-----Original Message-----
**From:**  Miller Richard
**Sent:**  Wednesday, August 10, 2005 6:28 PM
**To:**    Guest Fara
**Subject:**

Fara,
I came by to see you but miss you.  I am been sick and pressure with other job priorities
and need an extension on your EEO request.  Richard

# EXHIBIT
# 4

Guest Fara

ATTACHMENT # 5

**From:** Richard Miller [rmiller29@hotmail.com]
**Sent:** Friday, September 16, 2005 1:07 PM
**To:** Guest Fara
**Cc:** rmiller29@hotmail.com
**Subject:** EEO Request

Fara Guest
EEO Director
NTSB
Washington, DC 20594

Dear Fara,
I request an extension on filing formal until my seized emails and other
documentation are released and I have access to my office (Proposal to
Remove from Service in 30 Days).
As I have been put on administrative leave and not allowed on the premises
and don't have access to my work emails and documentation, please confirm
that you recieved this email or call me (202-365-1061) and let me know of
your decision.

Sincerely,


Richard L. Miller

# EXHIBIT
# 5



# NTSB
**National Transportation Safety Board**
490 L'Enfant Plaza, SW
Washington, DC 20594-0001
www.ntsb.gov

---

Office of Equal Employment Opportunity

---

Richard Miller,  )
Complainant,  )

      v.  )

                     )  Agency Docket No: NTSB-2005-07

NATIONAL TRANSPORTATION  )  Date Filed: July 18, 2005

SAFETY BOARD,  )
    Agency.  )

---

## FINAL AGENCY DECISION

This is the Final Agency Decision of the National Transportation Safety Board (NTSB or Agency) dismissing the complaint filed by Richard L. Miller (Complainant) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 633a.

## I.  ADMINISTRATIVE PROCEDURES

On November 17, 2004, Complainant contacted the Agency EEO Office and initiated an Equal Employment Opportunity (EEO) Complaint. Informal EEO counseling was not successful in resolving the allegations Complainant raised, and the EEO Counselor issued Complainant a Notice of Right to File a Formal Discrimination Complaint dated March 16, 2005.

Complainant filed a formal complaint of discrimination dated July 15, 2005, that was received in the Agency EEO Office on July 18, 2005. See Attachment 1. Complainant submitted his complaint on NTSB Form 2000-A-NOV 00. The instructions in Block 16 of this form direct a Complainant to explain specifically how (s)he was discriminated against, and to list each allegation and provide specific, factual information in support of each. In response to these instructions Complainant listed allegations numbered 01 through 16 with titles such as "03 Performance", "Position Duties", "Reassignment", etc. Complainant provided no additional narrative discussion or clarification. On July 21, 2005, the undersigned forwarded a letter to Complainant requesting clarification of the

claims of discrimination he was raising by providing information that was sufficiently precise so as to allow a determination of the specific actions or practices that form the basis of his complaint. See Attachment 2. That letter also advised Complainant to provide the requested information within 15 calendar days after receipt of the letter, and that his failure to provide the requested information within 15 calendar days might result in the dismissal of his complaint in accordance with 29 CFR § 1614.107(a)(7).[1]

On August 10, 2005, approximately 20 calendar days after his receipt of the request for clarification, Complainant forwarded an email to the undersigned. See Attachment 3. In this email Complainant indicated that he needed an extension to respond to the request for clarification. On August 18, 2005, I responded via Agency email to Complainant and granted him an additional 15 days to clarify his claims.[2] On September 19, 2005, approximately 32 days after Complainant's receipt of my August 18, 2005, email, a hard copy of an email addressed from Complainant to the undersigned was delivered to the Agency's EEO Office. See Attachment 4. In this email, Complainant makes no reference to the earlier correspondence in regard to the instant complaint, but merely indicates that he is requesting "an extension on filing formal."

## II.    LEGAL STANDARDS FOR ANALYSIS

The U.S. Equal Employment Opportunity Commission ("EEOC") regulations state that an agency may dismiss a complaint pursuant to 29 CFR § 1614.107 (a) (7), for failure to cooperate where the agency has provided the Complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the Complainant has failed to respond to the request within 15 days of its receipt or the response does not address the agency's request, provided that the request included a notice of the proposed dismissal.

## III.    ANALYSIS

The Commissions' regulations at 29 CFR § 1614.106 (c) state in relevant part: "A complaint must contain a signed statement from the person claiming to be aggrieved or that person's attorney. This statement must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practices(s that form the basis of the complaint. In the instant complaint, the information complainant provided in Block 16 of Attachment 1 was not sufficiently precise in order for the undersigned to identify the claims Complainant was raising, or to make a determination as to whether they met the procedural requirements of 29 CFR § 1614.107. As a result Complainant was issued a written request to clarify his claims and was provided a 15-day period in which to do so. At the same time, Complainant was advised that a failure to provide the requested information may result in the dismissal of his Complaint. Notably, Complainant did not meet this time limit. Approximately five (5) calendar days after the expiration of the 15-day period, Complainant requested an

---

[1] The letter was forwarded to Complainant by regular mail and via the Agency's e-mail system.

[2] The additional 15-day extension required that Complainant clarify his claims not later than September 1, 2005.

additional extension of time to clarify his claims. The undersigned granted Complainant an additional extension of time, i.e., until September 1, 2005, to clarify his claims. The additional extension meant that Complainant was provided a total of 44 calendar days in which to clarify his claims. Complainant failed to clarify his claims by September 1, 2005. As stated above, on September 19, 2005, the undersigned received an email from Complainant. This email makes no specific reference to the instant complaint, but instead requests an "extension on filing formal." Attachment 4.

The Commission had held that as a general rule, an agency should not dismiss a complaint when it has sufficient information on which to base adjudication. See Ross v. U.S. Postal Service, EEOC Request No. 05900693 (August 17, 1990); Brinson v. U.S. Postal Service, EEOC Request No. 05900193 (April 12, 1990). Furthermore, only in cases where the appellant has engaged in delay or contumacious conduct and the record is insufficient to permit adjudication has the Commission allowed a complaint to be dismissed for failure to cooperate. See Raz v. U.S. Postal Service, EEOC Request No. 05890177 (June 14, 1989); Delgado v. U.S. Postal Service, EEOC Request No. 05900859 (October 25, 1990). The instant complaint meets that standard. Complainant was provided an extended period of 44 calendar days in which to clarify his claims and failed to do so. Complainant has provided no substantive reason for his failure to clarify his claims, and no indication of when he may do so. In Complainant's email that the undersigned received on September 19, 2005, he merely states that because of a pending adverse action, he does not have access to work emails and documentations. However, he provides no explanation of why his lack of access to work emails prevented him from complying with the request to clarify his claims of discrimination within the timeframes that I specified.

## IV.    DECISION

It is the final agency decision of the NTSB to dismiss the above captioned complaint for failure to cooperate in accordance with the provisions of 29 CFR § 1614.107 (a) (7), because there is a clear record of delay on the part of the Complainant, and there is insufficient information on which to base an adjudication of the complaint.

## V.    RIGHT TO APPEAL THE FINAL AGENCY DECISION

An appeal may be filed with the EEOC at any time up to thirty (30) calendar days from Complainant's receipt of this decision. If an attorney of record represents Complainant, the 30-day period for filing an appeal begins to run from the date that the attorney receives this decision.

An appeal may be mailed, delivered in person, or sent by facsimile transmission. The appeal may be mailed to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> P.O. Box 19848

Washington, DC 20036

The appeal may be hand-delivered to:

> Equal Employment Opportunity Commission
> Office of Federal Operations
> Appellate Review Program
> 1801 L Street, NW
> Washington, DC 20507

The appeal may be sent by facsimile transmission to (202) 663-7022. The EEOC has indicated that it will not accept facsimile transmissions over 10 pages.

If mailed, the appeal must be postmarked no later than the end of the 30-day filing period. If hand-delivered or sent by facsimile transmission, the appeal must be received by the EEOC no later than the end of the 30-day filing period.

**Complainant should use the enclosed EEOC Form 573, Notice of Appeal/Petition, and should indicate what is being appealed.** Complainant must furnish a copy of the appeal to the NTSB at the same time an appeal is filed with the EEOC. If an appeal is not filed within the above time limits, the appeal will be untimely and may be dismissed by the EEOC. The EEOC may exercise its discretion to extend the time limit for filing an appeal based upon a written statement showing that Complainant was not notified of the prescribed time limit and was not otherwise aware of it, or that circumstances beyond Complainant's control prevented the Notice of Appeal from being filed within the prescribed time limit.

Any statement or brief in support of the appeal must be submitted to the Equal Employment Opportunity Commission, and to the NTSB, within thirty (30) calendar days of filing the Notice of Appeal. **Service on the NTSB by mail must be made on <u>both</u> of the following designated NTSB offices and addressed in the format indicated below:**

> National Transportation Safety Board
> Office of Equal Employment Opportunity
> ATTN: Fara D. Guest, Director
> 490 L'Enfant Plaza, SW
> Washington, DC 20594

> and

> National Transportation Safety Board
> Office of the General Counsel
> 490 L'Enfant Plaza, SW
> Washington, DC 20594

Due to the delays experienced by the Agency with receiving mail sent through the U.S. Postal Service, in addition to mailing a copy of the appeal, brief, or statement, a copy may also be sent by facsimile transmission to Fara D. Guest at (202) 314-6125.

## VII.    RIGHT TO FILE A CIVIL ACTION

If Complainant elects not to appeal to the EEOC, Complainant has the right to file a civil action in federal district court on claims raised in the administrative process. A civil action may be filed in an appropriate U.S. District Court **within ninety (90) calendar days** of the date Complainant receives this decision. If Complainant files an appeal with the EEOC, a civil action may also be filed in a U.S. District Court **within ninety (90) calendar days** of receipt of the EEOC's final decision on appeal. A civil action may also be filed any time **after one hundred eighty (180) calendar days** from the date the appeal is filed with the EEOC, if a final decision has not been issued by the EEOC.

If Complainant files a civil action, and does not have or is not able to obtain the services of an attorney, Complainant may request the court to appoint an attorney as a representative in the matter and to permit Complainant to file the action without payment of fees, costs, or other security. **The decision to grant or deny the request is within the sole discretion of the court.** Filing a request for an attorney does not extend Complainant's time in which to file a civil action. Both the request and the civil action **must be filed within the time frames specified above.**

Complainant is further notified that if a civil action is filed, **Mark V. Rosenker, Acting Chairman, National Transportation Safety Board** must be named as the defendant and failure to do so may result in the dismissal of the action filed.

_____                    _09-23-05____
Fara D. Guest                               Date
EEO Director

Attachments:
1.  Copy of Formal Complaint of Richard L. Miller, NTSB Form 2000-A-NOV 00, dated July 15, 2005.

2.  Copy of letter dated July 21, 2005 from NTSB EEO Director to Richard L. Miller: Subject: Acknowledgement of receipt of formal complaint and request for clarification of claims.

3.  Copy of electronic mail message dated August 10, 2005, from Richard L. Miller to Fara Guest; Subject: none indicated.

4. Copy of electronic mail message dated August 18, 2005, from Fara D. Guest to Richard L. Miller; Subject:  RE: Formal Complaint.

5. Copy of electronic mail message dated September 16, 2005, from Richard L. Miller to Fara Guest; Subject:  EEO Request.

Enclosure:
EEOC Form 573 (Notice of Appeal/Petition)

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS

P.O. Box 19848

Washington, DC 20036

Complainant Information: (Please Print or Type)

| | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

Attorney/Representative Information (if any):

| | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

General Information:

| | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a **final action** been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | _____ Yes; Date Received _____ (Remember to attach a copy)<br>_____ No<br>_____ This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the | _____ No<br>_____ Yes (Indicate the agency or procedure. |

| EEOC, <u>another</u> agency, or through any <u>other</u> administrative or collective bargaining procedures? | complaint/docket number, and attach a copy, if appropriate) |
|---|---|
| Has a civil action (lawsuit) been filed in connection with this complaint? | _____ No<br>_____ Yes (**Attach a copy of the civil action filed**) |

NOTICE: Please <u>attach a copy of the final decision or order</u> from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency <u>within 30 days</u> of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above.

| Signature of complainant or complainant's representative: | |
|---|---|
| Date: | |

EEOC Form 573 REV 1/01

---

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, January 2001
2. **AUTHORITY:** 42 U.S.C. § 2000e-16
3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.
4. **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act.

Some information may also be used in depersonalized form as a data base for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission

Office of Federal Operations

P.O. Box 19848

Washington, D.C. 20036

This is to certify that on September 28, 2005, this Notice of Final Agency Decision
(Agency Docket No. NTSB-2005-07) was sent via certified mail to:

Mr. Richard Miller
1515 Arlington Ridge Road, Apt 304
Arlington, VA 22202


Fara D. Guest
EEO Director

# EXHIBIT
# 6



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P. O. Box 19848**
**Washington, D.C.  20036**

Richard Miller,
Complainant,

v.

Ellen Engleman Conners,
Chairman,
National Transportation Safety Board,
Agency.

Appeal No. 0120064531[1]

Agency No. NTSB200507

<u>DISMISSAL OF APPEAL</u>

By Notice of Appeal postmarked August 1, 2006, complainant filed an appeal with this Commission from the September 23, 2005 final agency decision (FAD) dismissing his EEO complaint of unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e *et seq.*, Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 *et seq.*

The record reveals that complainant asserts he received the FAD in early October 2005. A review of the FAD reveals that the agency properly advised complainant that he had thirty (30) calendar days after receipt of its final decision to file his appeal with the Commission. Therefore, in order to be considered timely, complainant had to file his appeal no later than November 1, 2005. Complainant has not offered adequate justification for an extension of the applicable time limit for filing his appeal. The Commission notes that complainant was capable of pursuing a worker's compensation claim, filing *pro se* in court, and filing a new EEO complaint during the time period he asserts he was incapacitated. Accordingly, complainant's August 1, 2006 appeal is hereby dismissed. *See* 29 C.F.R. § 1614.403(c).

---

[1] Due to a new Commission data system, this case has been redesignated with the above-referenced appeal number.

2                                          0120064531

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

3                                        0120064531

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*
Carlton M. Hadden, Director
Office of Federal Operations

DEC 1 5 2006
Date

4                                          0120064531

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed**. I certify that this decision was mailed to the following recipients on the date below:

Richard Miller
1515 Arlington Ridge
Rd, #304
Arlington, VA  22202

Michael J. Snider
104 Church Ln
#201
Baltimore, MD  21208

Fara Guest, EEO Director
National Transportation Safety Board
490 L'Enfant Plaza E  SW  #6121
Washington, DC  20594

DEC 1 5 2006
_____
Date

_____
Equal Opportunity Assistant

# EXHIBIT
# 7

**Attachment 10**

## DRAFT FORMAL COMPLAINT OF DISCRIMINATION

### *PRIVACY ACT STATEMENT (6 USC 552a)*

**Authority:**          Public Law 92-261

**Principle Purpose:**  Format filing of allegation of discrimination because of race, color, religion, sex, handicap, age, national origin or reprisal.

**Routine:**            This form and the information on this form may be used: (a) as a data source for complaint information for production of summary descriptive statistics and analytical studies of complaints processing and resolution efforts and may also be used to respond to general requests for information under the Freedom of Information Act; (b) to respond to requests from legitimate outside individuals or agencies (e.g., Members of Congress, The White House, and the Equal Employment Opportunity Commission (EEOC) regarding the status of the complaint or appeal; and (c) to adjudicate complaint or appeal.

**Disclosure:**         Voluntary; however, failure to complete all appropriate portions of this form may lead to rejection of complaint on the basis of inadequate date on which to determine if complaint is acceptable.

| 1.  NAME OF COMPLAINT (Last, First, Middle Initial) <br> Richard L. Miller | 4.   ADDRESS (Include City, State, and ZIP Code) <br> 1515 Arlington Ridge Road, #304 Arlington Va 22202 |
|---|---|
| 2.    SSN | |
| 3b.  HOME TELEPHONE NO.   3a.   WORK TELPEHONE NO. <br> 703-685-3709          202-365-1061 | |
| 5.   ARE YOU BEING REPRESENTED? <br> ☐ a. Yes (Complete 5c)   X☐ b. No | 5c.   IF YES, NAME OF REPRESENTATIVE |
| 6a.  NAME OF ORGANIZATION YOU BELIEVE DISCRIMINATED AGAINST YOU <br><br> National Transportation Safety Board (NTSB) | 6b.   ADDRESS OF ALLEGED DISCRIMINATION ORGANIZATION (Include City, State, and Zip) <br><br> 490 L'Enfant Plaza SW Washington DC 20594 |

| 7.  NTSB OFFICE YOU BELIEVE DISCRIMINATED AGAINST YOU <br><br> CFO/HR/Office of Management-MD/EEO | 8.   DATE ON WHICH MOST RECENT ALLEGED DISCRIMINATION OCCURRED <br> Presently | 9.   ARE YOU WORKING FOR THE FEDERAL GOVT.? <br> X☐ a. Yes <br> (Complete items 10,11,12) <br> ☐ b. No <br> (Skip to item 13) |
|---|---|---|

| 10.  NAME OF AGENCY WHERE YOU ARE CURRENTLY EMPLOYED <br> NTSB | 12a.  TITLE OF YOUR CURRENT JOB <br><br> Financial Management Specialist |
|---|---|
| 11.  ADDRESS OF YOUR CURRENT EMPLOYER (Include City, State, and ZIP Code) <br> 490 L'Enfant Plaza SW Washington DC 20594 | 12b.  GRADE <br><br> GS-14 |

13. Reason you believe you were discriminated against (Check Below)

| | | | |
|---|---|---|---|
| **a. RACE** (State your Race) | | | **e. HANDICAP**<br>X☐ Mental  X☐Physical |
| **b. COLOR** (State your Color) | | | **f. SEX**<br>☐ Female     X☐ Male |
| **c. RELIGION** (State your Religion) | | | **g. AGE** (Specify 57 age) |
| **d. NATIONAL ORIGIN** (State Natl. Origin) | | | **h.** REPRISAL—Reprisal—YES |

| 14. I HAVE DISCUSSED MY COMPLAINT WITH AN EEO COUNSELOR (See Reverse) INTERVIEW<br>X☐ a. Yes (Complete 14c)   ☐ b. No | 14c. IF YES, NAME OF COUNSELOR<br>Donna Lewis | 15. DATE OF FINAL<br>1/06/06 |
|---|---|---|

16. EXPLAIN SPECIFICALLY HOW YOU WERE DISCRIMINATED AGAINST (That is, treated differently from other employees or applicants, because of your race, color, religion, sex, national origin, age, mental or physical handicap, or reprisal.) If your complaint involves more than one basis for your dissatisfaction, list and number each such allegation separately and furnish specific, factual information in support of each.) (Use additional sheets, if necessary.)
Allegation No. 1:

SEE ATTACHED

17. LIST IN ITEM 20 THE NAMES OF YOUR WITNESSES AND WHAT FACTUAL INFORMATION EACH WILL BE EXPECTED TO CONTRIBUTE THROUGH HIS/HER TESTIMONY TO THE INVESTIGATION OF YOUR COMPLAINT.

18. WHAT SPECIFIC CORRECTIVE ACTION DO YOU WANT TAKEN ON YOUR COMPLAINT? (     If more than one allegation is being made, state overall corrective action desired and the specific corrective action desired for each separate allegation.)

SEE ATTACHED

19. HAVE THE MATTERS LISTED IN ITEM 16 BEEN APPEALED TO THE MERIT SYSTEM PROTECTION BOARD OR FILED UNDER A NEGOTIATED GRIEVANCE PROCEDURE?
☐ a. Yes (Explain in item 20)   X☐ b. No

20. REMARKS

SEE ATTACHED

| 21. SIGNATURE OF COMPLAINANT | 22. DATE THIS COMPLAINT FORM<br>1/20/06 |
|---|---|
| NTSB FORM 2000-A-NOV 00 | 1/20/06 |

WAS SIGNED BY THE
COMPLAINT (Month, day, year)

NTSB FORM 2000-A-NOV 00

## To be Completed by the NTSB's EEO Director

I certify that: (1) The complainant has reaffirmed this complaint in my presence and has stated that the facts contained therein are true to the best of his/her knowledge; (2) a determined effort at informal resolution of this complaint failed to produce a solution satisfactory to the complainant; and (3) local management in the appropriate change of command has been informed concerning the complaint and its submission in the above format.

| 23.  SIGNATURE OF EEOO | 24a.  TYPED NAME AND TITLE OF EEO Director |
|---|---|
| | 24b.  ADDRESS OF EEO Office |
| 25.   DATE COMPLAINT FILED WITH EEOO PROCESSING | 26.    TELEPHONE NO. OF EEO Office  COMPLAINT |

The matter(s) giving rise to the complaint will be coded using one or more of the following codes:

| CATEGORY | CODE | CATEGORY | CODE | CATEGORY | CODE |
|---|---|---|---|---|---|
| Appointment | (1) | Training | (9) | Reprisal | (17) |
| Promotion | (2) | Time & Attendance | (10) | Pay, including Overtime | (18) |
| Reassignment | (3) | Retirement | (11) | Conversion to Full Time/ | |
| Separation/Termination | (4) | Assignment to Duties | (12) | Career Conditional | (19) |
| Suspension | (5) | Exam/Test | (13) | Reinstatement | (20) |
| Reprimand | (6) | Work Conditions | (14) | Awards | (21) |
| Evaluation/Appraisal | (7) | Harassment | (15) | And/Or Other (Specify) | (22) |
| Duty Hours | (8) | Sexual Harassment | (16) | | |

| 27.   Enter Code(s) for Matter (s) _____ Giving Rise to the Complaint | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

### INFORMATION CONCERNING THE PROCESSING OF YOUR COMPLAINT OF DISCRIMINATION

This form will be used only if you, as an NTSB employee or as an applicant for Federal employment, think you have been treated unfairly because of your race, color, religion, sex, national origin, age, mental or physical handicap, or reprisal.  If you have any questions concerning the completion of this form, you may contact the Equal Employment Opportunity Officer (EEOO) at NTSB.

Your written, formal complaint must be filed within 15 calendar days of the date of your final interview with the EEO counselor.  If the matter has not been resolved to your satisfaction you have a right to file a complaint at any time thereafter up to 15 days after the final interview.  Your written formal complaint must be filed within 15 calendar days of the date of your final interview with the EEO counselor.  This time limit may be extended if you can give a good reason for not submitting the complaint within the 15 calendar day limit.

You may have a representative at all stages of the processing of your complaint.  You or your representative should personally file your complaint with the EEOO of your activity.

If your complaint is accepted, you will have an opportunity to talk with an impartial investigator from an independent contractor to give him or her all the facts you have which you believe will support your complaint.  If your complaint is rejected, you will be advised in writing of the reason(s) and advised of the right to appeal.  Upon completion of the investigation of your complaint, you will receive a copy of the investigator's report and an attempt will be made to resolve the complaint then.

If your complaint cannot be settled informally on the basis of the investigation, you may request a review of your record by the NTSB, Director of Equal Employment Opportunity, or you may request a hearing at this stage.  If a hearing is requested, it will be conducted by an administrative judge designated by the EEOC.  The findings, analysis, and recommendations will be forwarded to the Director of EEO for decision.  You will be advised by the Director of the decision and provided a copy of the case record.

If you are not satisfied with the Director's decision, you will have the right to appeal to the Office of Review and

**NTSB FORM 2000-A-NOV 00**

Appeals of the EEOC, P.O. Box 19848, Washington, D.C. 20036, within 30 calendar days after receipt of the decision.

Please be specific in stating the facts concerning your complaint in items 15 through 19.

**NTSB FORM 2000-A-NOV 00**

ATTACHMENT FOR EEO FORMAL

16. EXPLAIN SPECIFICALLY HOW YOU WERE DISCRIMINATED AGAINST
(That is, treated differently from other employees or applicants, because of your race,
color, religion, sex, national origin, age, mental or physical handicap, or reprisal.) If your
complaint involves more than one basis for your dissatisfaction, list and number each
such allegation separately and furnish specific, factual information in support of each.)
(Use additional sheets, if necessary.)

1) The agency has harassed me due to age/sex by not allowing Family Medical
   Leave when it was appropriate, by supervisor invoking the FML but not telling
   me until much later; denial of FML when I ask to invoke it and by not providing
   requested and required information. My supervisor actually backdated his
   invoking of the Family Medical Leave, would not provide me with copies of the
   leave request he turned in, and denied me access to the leave system everyone
   else at NTSB uses and has been untruthful about such acts. Agency retatliated
   and discriminated because it is treating Mr. Miller different from other NTSB
   employees who have used FML.

2) The agency continues its hostile actions and harassment due to age and medical
   condition by violating Federal Regulations that an employee's Workman's
   Compensation Claim has to be forwarded to OWCP within 10 days. The agency
   has now held my claim form for 80 some days, says OWCP is OK with this delay,
   and just says the delay is due to "limited resources". Cindy Lepson tells the EEO
   Counselor and OWCP that Frances Croom is in constant contact with OWCP and
   that OWCP is OK with NTSB delay and non-forwarding of the claim. Lepson
   says the delay is due to the checklists; however, the checklists should not delay
   the submittal. In 80 days, five people (Mills, Libera, Lepson, Lepson's backup
   and Croom) plus medical and legal consultants have not had time to forward the
   simple employee claim form to OWCP? This number of people and hiring
   consultants doesn't sound like limited resources to me or to Congress. My lawyer
   and I informed NTSB since the submittal that the claim has to be forwarded in 10
   days to OWCP. My supervisor even told me that NTSB's delay would not affect
   when/how OWCP decided on my claim; HR told me on November 16th that they
   would send the claim either on November 16 or November 17th; in December—I
   was told NTSB was putting the finishing touches on my claim---yet a month later,
   NTSB isn't even concerned the claim form has not been sent to OWCP. On
   Workman's Compensation filings, NTSB has limited resources; however they
   haven't had limited resources over the past few years on bonuses for
   management, training tuition for everyone besides me, and the funds provided for
   the NTSB Academy.

3) Did other employees who filed Workman's Compensation claims, including the
   15 on CA-2 Workman's Compensation, have to wait 80 days for their claim to be
   forwarded to OWCP?

4) The Agency has discriminated and retaliated against me due to age, contacting DOT IG and Congress, my medical condition and violated 20 CFR Sec. 10.110 (2005);

5) The Agency has discriminated and retaliated against me due to age, contacting DOT IG/Congress, my medical condition and violated 18 USC Sec. 1922, Title 18, Part 1, Chapter 93, Sec. 1922: False or Withheld Report Concerning Federal Employee's Compensation.

6) The Agency has discriminated by attempting to compel and induce me to have to take their offer to abolish my job, offer me Discontinued Service Retirement but only if I drop my EEO and Workman's Comp Cases.

7) In the CFOs attempted transfer of the Purchase Card Program to please a former Chairman, the Agency discriminated/harasses/retaliated to degrade the very successful NTSB Credit Card Program which I established and which brought back financial accountability to the agency after two people went to prison. The Agency eliminated my major oversight function to hire a former Chairman's friends. The Agency told me the Chairman decided to take the day to day operations of the Purchase Card Program away from me and give a new position to Lola Ward. The Agency required me---and I was happy to write a Purchase Card Transition Plan for the former Chairman but the Agency would not--- including the former Chairman would/could not answer what they meant/wanted by day to day operations and oversight, etc. (Basically I couldn't get any answers on what the Chairman wanted me to do and what she wanted Lola Ward to do). The Agency retaliated by age in that it replaced my day to day functions by two young employees—one in his 30s and one in his 20's-and neither had agency credit card experience. The one in his thirties has already been promoted to a GS-15. The Agency harassed me by not including me in meetings---on my program, by trying to degrade and lessen the oversight in one of the best credit card programs in the government, by having two people do part of one job I had, by totally ignoring my recommendations, and by seeing most controls were taken off a program I had worked very hard to make successful and to make employees very aware of misuse of government credit cards. Yet the agency withholds these and other work products from me and it is my understanding that I am suppose to have my work products.

8) The agency has not made any attempt to accommodate or even consider my age and medical condition. Yet for other employees, the agency has bent over backwards to consider their medical condition.

9) The agency continues to "lock" me out of emails/documents/calendar/addresses/information, etc. on EEO/Workman's Compensation/PIP/Proposal to Remove, my work products, etc. prior to the Proposal to Remove and information issued to other employees since the Proposal to Remove including Leave and Family Medical Leave Request, Available Positions, what is going on with the credit card programs, the FMRA, job announcements, Disability Retirement and Discontinued Service Retirement calculations (with explanation), etc. The Agency has denied this access in order that I could not keep up with NTSB/CF/O/Credit Card Program happenings and then I couldn't return to work. My question is how can an agency expect you to

return to work if they don't let you know what is going on in the last 3-4 months? This is a deliberate attempt by the Agency to not to allow me to return to my position.

10) The Agency retaliated in not including me in the several meetings on the DOT IG Audit, including the list of meetings the DOT IG provided.

11) I realize now that the agency retaliated on issuing the Proposal to Remove because 1) I found out the DOT IG Audit was released and sent to Congress without allowing me to comment on the draft DOT IG Audit, and since the other DOT IG Audit issued around the same time was so negative---NTSB was trying to protect the former Chairman in her re-nomination by not having two bad DOT IG Audits at the same time---2) denying me my job of doing the FMRA Risk Assessment (this is continual harassment because as the DOT IG has been informed)---last year I had to meet my supervisor for two and half hours where he tried to get me to change my answers---they would only give me a copy of his changes after I discovered that he had given his changes to the DOT IG; and CFO Management still can not tell me what the grading means in the my assessment and the overall CFO and Agency ratings (and how my supervisor's changes affected the risk assessment); 3) by covering for information (to protect their mistakes) that NTSB would not supply me such items as the DOI Interagency Agreement/Statement of Work and the reason for not balancing what we pay CitiBank nightly until the DOT IG is going to do an audit; 4) by not considering the Public Health Service's recommendation; 5) doing a string of personnel practices to create jobs/positions---including taking a person's SES to give to the person taking over the Purchase Card Program, then giving this former SES an SL with two people reporting to him—including a GS-15, and creating two new positions to replace one position (also for their friends) and making a GS-15 fit their friends qualifications; 6) not allowing NTSB employees—including myself to apply for the promotion for Mill's GS-15 promotion; 7) continually disregarding the fact that CitiBank could do what we were paying DOI to do---and then asking me to tell them if DOI was doing their job; and 8) not allowing me to perform my financial specialists functions.

12) The Agency retaliated against me because I informed DOT IG of misuse of government fund including items in the DOT IG Audit ---the person in the Managing Director's office who signed off on the Purchase Card purchases did not even have the authority to sign (and only received it much later), this office had a huge percentage of items that couldn't be verified as ok to purchase or that NTSB even received the items for which we had already paid CitiBank, and that it was the CFO who would not do the Annual Review of Credit Cards, then CFO Management told an untruth (that I informed my supervisor was not correct and that I would not agree with) to the DOT IG that the FMRA replaced the Annual review, then CFO Management was forced to changed their story again. All this was done to set me up for failure and to harass me as they protected themselves.

13) NTSB retaliated and harassed because I went to the DOT IG and Congress, and filed EEO and two valid (but denied by NTSB) Workman's Comp injuries;

14) The agency discriminated when it denied my last EEO at the same time the agency was notified that a lawyer was representing me in my Workman's Comp case.

15) The agency has continually delayed consideration of the Proposal to Remove; the agency was presented the oral and written reply in October but still hasn't made a decision on the Proposal to Remove. Agency intentionally delayed a decision on the Proposal to Remove beyond the 60 and 120 day period and failed to provide claimant information on why they delayed beyond these OPM designated time periods;

16) The agency's Medical Consultant, the Public Health Service, told my supervisor on September 15th that the agency should ask for more medical information. My supervisor has continually ignored his own consultant's information and placed untruths on the letter informing me of his decision. Yet, Don Libera waited until late December to provide lists of several questions prepared by the same Public Health Service for three of my doctors. He also changed the requirements for the job, wanted a quick turnaround over the holidays, and would not pay the doctors for all this additional work. And, Mr. Libera did not mention that he had included a release CA-2 (Workman's Compensation) within this Proposal to Remove medical information release request (and which should not have anything to do with his Proposal to Remove decision---and especially since the agency has held the CA-2 for over 80 days beyond the federal regulations). Mr. Libera would not respond to my email on why the Medical Release also included the CA-2 medical release which the Agency was intentionally not forwarding to OWCP. This is just like the CFO and Deputy CFO not responding to requested information.

17) The agency's proposed negotiation was illegal; OPM has ruled against such proposals and required retirees to pay back their retirement; the agency's proposal for the Proposal to Remove and as the remedy for this EEO was an intent to compel and induce. This is a prime example of retaliation, hostile work environment, age discrimination and harassment.

18) I now realize that to please the former Chairman and hire her friends, the Agency discriminated by age in issuing a Performance Improvement Plan (PIP) and Proposal to Remove to only two employees---one 57 and one 59. In my case, the Agency intentionally gave confusing, and changing/conflicting directions on assignments. . The Agency has focused on compelling or inducing older employees to be removed. One older employee said she was being forced to leave because if she stayed the agency would give her a stroke. In some cases, these acts were done to provide permanent positions for much younger people. In my case I was continually told and received Excellent ratings but the agency then decided because of my age to get rid of me.

19) The Agency retaliates and creates a hostile work environment by not allowing employees to file grievances.

20) The Agency continually harasses me not allowing phone access, access to training, access to Quicktime, access to official leave system, etc.

21) EEO Director discriminated and used the wrong contact date (December 8—I believe) for initial contact and she was also allowed not to keep EEO information

as is required by EEO recordkeeping. The EEO Director is hampering this and previous EEO claims. This is retaliation.

22) Agency disregards claimant's medical condition, age and overall professional career; the Agency has discriminated by not considering claimant's employment record, past performances, etc.

23) Agency locked Mr. Miller out of doing or having any access to a big part of his job---including the FMRA Risk Assessment; Agency retaliated by not allowing Mr. Miller to do the duties in his Position Description/Standards.

24) Agency retaliates by informing employees that I was pushed out the door, pushed into the elevator, etc. Agency discriminates by not informing employees and outside people of the actual situation.

25) I realize now that Agency continually set- me up for failure, didn't consider impediments including computer problems (for years), assigned other tasks as priority and lower my evaluations because I was not timely (after losing 300 hours lost to Workman's Comp)----yet they are holding my CA-2 to induce and compel me to drop my EEO and Workers Comp claims, violating Federal Regulations, and holding the CA-2 claim for 80 days. This is not only a Federal violation but criminal—along with willfully and extremely untimely.

26) The Agency is discriminating by making Don Libera the Deciding Official because he is my supervisor's boss, had been my supervisor for part of the period, and is highly involved in discrimination in previous EEO cases.

27) I realize not that the Agency decided in early 2004 to get rid of me. Although the agency said they needed more medical information to make their decision on the Proposal to Remove, they told the EEO Counselor that they were not going to take me back. In addition Denise D'Avella said/implied that the agency had already made their decision in December (in order to avoid a removal on you record—you accept our terms).

28) The Agency intentionally delayed claimant's Voluntary Transfer Leave Program application (other employee---Diane Campbell's was issued on Jan. 3rd and I informed the agency of the importance of issuing my notice prior to Jan. 3 as a lot of potential donors were retiring on Jan. 3); Agency intentionally and discriminated by not providing Agency Policy on Voluntary Leave.

29) Agency has continued to increase and add to the discrimination, harassment and hostile environment, even more so, after issuing the Proposal to Removal. The Agency wants not only to ruin Mr. Miller's career at age 57 but to destroy any useful professional career. My doctors informed NTSB that if the hostile work environment ceased I could return to work and be an asset to the government. If the Agency had allowed me time off in the last two years and/or not continued to harass me by telling me to report within an hour and standing over me and only allowing me 1 hour at a time and their other acts over the last 4 months---I would not be in the medical condition they have placed me in now.

30) The Agency has discriminated and retaliated against me due to age/medical by either not responding to Congress, or a lengthy delay in responding to Congress that I have been given ever "due process".

#17 & 20:  LIST IN ITEM 20 THE NAMES OF YOUR WITNESSES AND WHAT
FACTUAL INFORMATION EACH WILL BE EXPECTED TO CONTRIBUTE
THROUGH HIS/HER TESTIMONY TO THE INVESTIGATION OF YOUR
COMPLAINT.

At this time a witness list has not been fully developed  and will be supplied later;
however, it will include current and former staff and members (including Bill Mills, Don
Libera, Steve Goldberg, Joe Osterman, David Mayer, Lola Ward, Jim Arena, HR and
Deputy, all staff involved in the credit card programs, former Chairman  Engleman,
Denise D'Avella, Acting Chairman Rosenker, Cindy Lepson, HR CA-2 Specialist,
Chester Fischer, Fara Guest, and others), Congressional staff, DOT IG, medical
professionals, attorneys, CitiBank officials, OWCP staff—including Tami Turner/Allison
Lattu, and Union Representatives.  Each will provide the factual information to their
particular involvement—for example, medical professionals will provide the facts of my
medical information as it applies to these areas.  NTSB employees will provide
information on the Purchase Card Transfer, creation of positions, denying access to apply
for Bill Mills new promotion, DOT IG Audit, the credit card programs, the CA-2,
grievances, etc.  For example, D'Avella should provide the facts on the agency's efforts
to get me to drop my EEO and Workman's Compensation claims.  Congressional staff
will provide the facts on Congress being able to obtain information from NTSB.

#18:  WHAT SPECIFIC CORRECTIVE ACTION DO YOU WANT TAKEN ON
YOUR COMPLAINT? ( If more than one allegation is being made, state overall
corrective action desired and the specific corrective action desired for each separate
allegation.)

Immediately stop all forms of discrimination, harassment, hostile work environment and
disparate treatment—especially as they apply to all items provided in this claim;  NTSB
management should be sent through extensive EEO, harassment, age and medical
training as it applies to these (and other) discriminating items.  Claimant should be made
whole.  This includes (1) forwarding the CA-2 to OWCP per the federal regulations
dates; (2) upper changes to the mid-year and annual performance evaluations dated May
2004, December 2004 and June 2005; (3) Removal of the Performance Improvement
Plan; (4) Removal of the Proposal for Removal; (5) Reinstatement to the agency in equal
position or detail to another agency/organization; (6) Deletion of any negative input into
personnel file; (7) Reimbursement for all legal fees and incurred costs (faxes, certified
mail, overnight mail, etc); (8) 4-6 months of medical leave using paid administrative
leave as was placed on during the PTR; (9) Correction and use of Family Medical Leave;
(10) Agency should obey and followed federal regulations; (11) Libera should not be the
Deciding Official on the Proposal to Remove as stated in the oral reply and that he is
involved in previous EEO cases; and (12) Pain and Suffering.

# EXHIBIT
# 8



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Office of Federal Operations
## P.O. Box 19848
## Washington, D.C. 20036

Richard L. Miller,
Complainant,

v.

Norman Y. Mineta,
Secretary,
Department of Transportation,
(National Transportation Safety Board),
Agency.

Appeal No. 01A53819

Agency No. 300-AO-2020

### DISMISSAL OF APPEAL

By Notice of Appeal postmarked April 23, 2005, complainant filed an appeal with this Commission from the agency's March 16, 2005 final action implementing the February 8, 2005 decision of an Administrative Judge, finding no discrimination.

The record contains a copy of a United States Postal Service "Track & Confirm" document. Therein, the United States Postal Service indicates that the agency's final action was delivered to complainant's address of record on March 19, 2005. Moreover, on appeal, complainant acknowledges receipt of the final action on March 23, 2005. A review of the final action reveals that the agency properly advised complainant that he had thirty (30) calendar days after receipt of its final decision to file his appeal with the Commission. Complainant's appeal was filed more than thirty days from both the dated identified in the above referenced "Track and Confirm" document (March 19, 2005); as well as the receipt date identified by complainant on appeal (March 23, 2005). Complainant has not offered adequate justification for an extension of the applicable time limit for filing his appeal. Complainant's April 23, 2005 appeal is **DISMISSED**. *See* 29 C.F.R. § 1614.403(c).

**05 2478**

# FILED

DEC 2 8 2005

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

2                                                    01A53819

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or **within twenty (20) calendar days** of receipt of another party's timely request for reconsideration. *See* 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. *See* 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

3                                                                    01A53819

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*Carlton M. Hadden*

Carlton M. Hadden, Director
Office of Federal Operations

OCT 1 2 2005

Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:**

OCT 1 2 2005

Date

*N. Wood*

Equal Opportunity Assistant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER, )<br><br>Plaintiff, )<br><br>v. )<br><br>MARK V. ROSENKER, Chairman, )<br>National Transportation Safety Board )<br><br>Defendant. ) | Civil Case No. 07-0562 (GK) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's motion to dismiss, and for good cause shown,

it is hereby:

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that the Complaint in this action is hereby dismissed with prejudice.

_____
Date

_____
GLADYS KESSLER
United States District Judge