UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| RICHARD MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-0562 (GK) |
| | ) |
| MARK V. ROSENKER, Chairman, | ) |
| National Transportation Safety Board | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MOTION TO TREAT DEFENDANT'S MOTION TO DISMISS AS CONCEDED

Defendant Mark V. Rosenker ("Defendant"), Chairman, National Transportation Safety Board ("NTSB" or "Agency"), by and through his undersigned counsel, respectfully moves the Court to treat his previously filed Motion to Dismiss, dated February 15, 2008 ("MTD"), as conceded pursuant to Local Civil Rule 7(b). Because this is a dispositive motion, Defendant has not sought Plaintiff's consent. *See* LCvR 7(m). The grounds for this Motion are as follows.

## BACKGROUND

Defendant brings this Motion not based upon a mere technical violation of the Local Rule, or even after a several day unauthorized delay. Rather, Plaintiff's inexcusable failure to timely oppose Defendant's MTD after a direct warning by the Court and a lengthy, unreasonable delay, warrants treating Defendant's MTD -- which has been pending for nearly six months -- as conceded. Indeed, over two months have lapsed since Plaintiff's deadline for filing such an opposition, which was extended on two prior occasions for nearly four months.

On March 21, 2007, Plaintiff, proceeding *pro se*, filed his Complaint in this action. *See* Docket Entry No. 1 ("D.1"). The U.S. Attorney's Office, however, was not served with the Complaint until November 20, 2007. *See* D.3 at 1. On February 15, 2008, Defendant filed his

MTD, which presented compelling and undisputable arguments that Plaintiff's Complaint should be dismissed because Plaintiff failed to properly exhaust his administrative remedies and because Plaintiff's Complaint is undoubtedly time-barred. *See* MTD, D.5. Of particular relevance here, Plaintiff's Complaint is ripe to be dismissed due to Plaintiff's failure to timely comply with administrative deadlines and his failure to prosecute his administrative complaint.

Following Defendant's MTD, Plaintiff did not file an opposition or a request seeking additional time to respond within the time period allowed for by the Local Rules. Consequently, by Order dated March 11, 2008, the Court commanded Plaintiff to file an opposition to Defendant's MTD by April 10, 2008, or face dismissal of the Complaint. *See* D.6. On April 4, 2008, Plaintiff moved for additional time, which the Court granted by Minute Order on April 8, 2008. *See* D.7; Minute Order of 04/08/2008. The Court's Minute Order extended Plaintiff's time to oppose Defendant's MTD until and including June 4, 2008. *See id.* Subsequent to this extension, Plaintiff did not seek any further extensions, and thus, his time to oppose lapsed on June 4, 2008. Subsequent to Plaintiff's failure to timely oppose Defendant's MTD, Plaintiff obtained counsel, who filed their Notice of Appearance on July 10, 2008 -- *i.e.*, nearly one month ago.

## ARGUMENT

Although Plaintiff's counsel has now represented Plaintiff in this action for nearly a month, neither Plaintiff nor his counsel has filed any request to extend Plaintiff's time to oppose or request leave to file an out-of-time opposition. Indeed, as of this date, (a) almost 6 months have passed since Defendant filed his MTD, (b) more than 2 months have passed since Plaintiff's time to oppose lapsed, and (c) nearly one month has passed since Plaintiff's counsel appeared in this case. Thus, Plaintiff and his counsel have quite clearly had a reasonable time to oppose the

MTD and have simply failed to do so. Accordingly, the Court should treat Defendant's MTD as conceded and dismiss this action.

Pursuant to Local Civil Rule 7(b), if a party fails to file a memorandum in opposition to a motion with the prescribed time, "the Court may treat the motion as conceded." LCvR 7(b). In light of this rule, Courts in this District have routinely dismissed actions when a plaintiff fails to timely respond to a dispositive motion. *See, e.g., Elders v. Md. Air Nat'l Guard*, Civ. A. No. 03-1157(RMC), 2005 WL 741932, *1 (D.D.C. Mar. 31, 2005) (treating motion for summary judgment as conceded when plaintiff failed to oppose after a warning by the Court); *Fox v. Am. Airlines, Inc.*, Civ. A. No. 02-2069 (RMU), 2003 WL 21854800, *2 (D.D.C. Aug. 5, 2003) (treating motion to dismiss as conceded where plaintiffs failed to file an opposition); *United States v. Philip Morris USA, Inc.*, Civ. A. No. 99-2496 (GK), 2004 WL 5355971, *1 (D.D.C. Aug. 2, 2004) (recognizing that arguments in a dispositive motion that are not opposed by a plaintiff may be treated as conceded). Indeed, the United States Court of Appeals for the District of Columbia Circuit has held that "[w]here the district court relies on the absence of a response as a basis for treating the motion as conceded, we honor its enforcement of the rule." *Twelve John Does v. Dist. of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997); *see also Power v. Ashcroft*, No. 02-5330, 2003 WL 1873853, *1 (D.C. Cir. April 14, 2003) (affirming district court's treatment of motion to dismiss as conceded); *Giraldo v. Dep't of Justice*, No. 02-5058, 2002 WL 1461787, *1 (D.C. Cir. July 8, 2002) (affirming district court's treatment of motion for summary judgment as conceded).

Applying this law, the Court should treat Defendant's MTD as conceded and dismiss this action. As noted above, Defendant does not bring this Motion after a mere technical violation of the Local Rule, or after a few day delay. Rather, Defendant brings this Motion based upon

Plaintiff's inexcusable and lengthy delay in opposing the MTD even after counsel began to represent his interests.  Indeed, this Motion is well supported by several rationales including: (i) Defendant's MTD has been pending for nearly six months; (ii) Plaintiff has been previously warned by the Court that his action would be dismissed if he did not timely oppose the MTD; (iii) two months have passed since Plaintiff's deadline for opposing the MTD;[1] and (iv) Plaintiff has been represented by counsel for nearly a month.  Moreover, the undisputable, threshold grounds for Defendant's MTD -- which include Plaintiff's failure to timely meet deadlines at the administrative level -- make treating the MTD as conceded prudent at this time.  *See* Motion, D.5.

## CONCLUSION

For the foregoing reasons, the Court should treat Defendant's MTD as conceded and dismiss this action.  A proposed order is attached.

Dated: August 8, 2008
       Washington, DC

                                       Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

  /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

---

[1] Plaintiff was quite clearly cognizant that he either needed to move to extend his deadline or file an opposition within that deadline, as Plaintiff previously sought an extension of time to respond to the MTD, to which Defendant consented.  *See* D.7.  Indeed, as is evidenced by his practice in other cases before this Court, undersigned counsel without exception consents to reasonable extensions of time when requested by the opposing party.

- 5 -

/s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER,                )<br>                                              )<br>        Plaintiff,                      )<br>                                              )<br>  v.                                        )      Civil Case No. 07-0562 (GK)<br>                                              )<br>MARK V. ROSENKER, Chairman, )<br>National Transportation Safety Board )<br>                                              )<br>        Defendant.                   )<br>                                              ) | |

## **[PROPOSED] ORDER**

UPON CONSIDERATION of Defendant's motion to treat his motion to dismiss as conceded, and for good cause shown, it is hereby:

ORDERED that Defendant's motion is GRANTED,

ORDERED that Defendant's motion to dismiss is hereby CONCEDED, and it is further

ORDERED that the Complaint in this action is hereby DISMISSED with prejudice.

_____                                        _____
Date                                                                        GLADYS KESSLER
                                                                                United States District Judge