UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD MILLER,

      Plaintiff,

  v.

MARK V. ROSENKER, Chairman
NATIONAL TRANSPORTATION
SAFETY BOARD,

      Defendant.

Case No. 07-0562 (GK)

Electronic Case Filing

## PLAINTIFF'S MOTION LEAVE TO FILE OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

Plaintiff respectfully moves for leave to file an opposition to Defendant's Motion to Dismiss [Dkt. No. 5], and in support thereof states as follows:

1. On February 2, 2008, Defendant filed his Motion to Dismiss. The Court granted an extension providing Plaintiff until June 4, 2008, to respond. (*See* Minute Order of Apr. 8, 2008).

2. At the time the Motion to Dismiss was filed, Plaintiff was pro se and did not have the assistance of counsel.

3. "Pro se litigants are allowed more latitude than litigants represented by counsel" regarding service of process, pleadings, and deadlines. *Moore v. Agency for Intern. Development*, 994 F.2d 874, 876 (D.C. Cir. 1993); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Redwood v. Council of the Dist. of Columbia*, 679 F.2d 931, 933 (D.C.Cir.1982); *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

4.        Plaintiff remained pro se until July 10, 2008, when Plaintiff's present counsel noticed his appearance [Dkt. No. 14]. Plaintiff's counsel is now serving as pro bono counsel in four cases between these parties, and has been spending the brief time since his appearance become familiar with the facts and issues in each one.

5.        Given Plaintiff's prior pro se status and counsel's very recent involvement in this case, it is in the interests of justice to permit Plaintiff to file an opposition to the Motion to Dismiss at this time.

For the foregoing reasons, Plaintiff respectfully requests leave to file an opposition to Defendant's Motion to Dismiss.

Dated:  August 11, 2008                                      Respectfully submitted,

                                                            / s / Carl S. Nadler
                                                            Carl S. Nadler
                                                            Heller Ehrman LLP
                                                            1717 Rhode Island Avenue, NW
                                                            Washington, DC  20036
                                                            Phone:  202-912-2000
                                                            Fax:  202-912-2020

                                                            *Attorney for Plaintiff Richard Miller*

**CERTIFICATE OF CONFERENCE**

This is to certify that in accordance with Local Rule 7(m), I conferred with Defendant's counsel Brian Hudak by telephone on August 11, 2008. Mr. Hudak stated the Defendant opposes the relief requested in this motion.

/ s /  David A. Young
David A. Young

**CERTIFICATE OF SERVICE**

I, Carl S. Nadler, hereby certify that I filed a copy of the foregoing document with the Court on August 11, 2008, through the ECF filing system, which will cause a copy to be served upon all counsel of record.

/ s /  Carl S. Nadler
Carl S. Nadler

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK V. ROSENKER, Chairman<br>NATIONAL TRANSPORTATION<br>SAFETY BOARD,<br><br>    Defendant. | Case No. 07-0562 (GK)<br><br>Electronic Case Filing |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Plaintiff Richard Miller respectfully opposes Defendant's motion to dismiss this suit.[1] Plaintiff's suit should not be dismissed for failure to exhaust administrative remedies or to file within ninety days of the final agency action. The Complaint plainly alleges facts that would justify equitable relief from those procedural requirements.

Plaintiff faces a high burden in seeking to show the extraordinary circumstances that justify equitable tolling. Nevertheless, the Complaint plainly asserts that Mr. Miller suffered from mental impairments that prevented him from exhausting his administrative remedies and from filing the complaint within the required time period. At this stage of the proceedings, therefore, the Court should allow Mr. Miller to pursue the discovery that would allow him to meet that high burden.

---

[1] *See* Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss (filed Feb. 15, 2008) ("Def.'s Mem.") [Dkt. No. 5].

In the alternative, Defendant claims the Complaint lacks sufficient detail about the conduct Plaintiff challenges in this suit. But reading the *pro se* Complaint liberally, it satisfies the notice pleading requirements of the Federal Rules. At most, the Court should require Mr. Miller to submit an amended Complaint (with the assistance of counsel) that will provide greater detail of the basis for this suit.

## BACKGROUND

Plaintiff alleges that the National Transportation Safety Board ("NTSB") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), by discriminating against him on the basis of his age and gender and by retaliating against him for prior discrimination complaints. Complaint ¶¶ 24-41. As Defendant points out, the EEO Office dismissed Mr. Miller's Administrative Complaint for failure to provide requested information, and Mr. Miller waited too long before filing his EEOC appeal. Further, it appears that Mr. Miller filed this suit one day beyond the 90-day time limit. *See* 42 U.S.C. § 2000e-16(c).

Mr. Miller's Complaint, however, clearly alleges that each of these procedural shortcomings were attributable to severe physical and mental impairments. *See* Complaint ¶¶ 12-14, 19, 23. For example, Mr. Miller alleges that he failed to respond to the EEO's request for additional information in a timely manner because "his illnesses and the continued severe and pervasive hostile work environment created by the Agency made him unable" to do so. *Id.* ¶ 19. He further alleges that he failed to file his EEOC appeal on time because "he was severely incapacitated, both physically and psychologically." *Id.* ¶ 23.[2]

---

[2] The Complaint is less explicit in alleging that Mr. Miller's impairments caused him to file the suit one day late, but surely is sufficient to make that allegation under the liberal pleading

*(Footnote Continued)*

**ARGUMENT**

In ruling on a motion to dismiss, "'a judge must accept as true all of the factual allegations contained in the complaint.'" *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (DC. Cir. 2008) (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)). The Court should dismiss only when it is apparent that the "plaintiff[] can prove no set of facts in support of [his] claim which would entitle [him] to relief." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The Court will construe all factual allegations in the Complaint in the light most favorable to Plaintiff and must grant Plaintiff the benefit of all reasonable inferences. *Barr v. Clinton*, 370 F.3d 1196, 1199 (D.C. Cir. 2004).

**I.  PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO EXCUSE EACH OF THE CLAIMED PROCEDURAL SHORTCOMINGS BASED ON THE DOCTRINE OF EQUITABLE TOLLING**

***Equitable Tolling Is Available to Forgive Procedural Shortcomings.*** In *Zipes v. Trans World Airlines*, 455 U.S. 385 (1982), the Court addressed a gender discrimination class action by a group of flight attendants. Some of the class members had exhausted their remedies before the EEOC, others had not filed a timely EEOC complaint. The district court dismissed, finding that a proper EEOC complaint was a jurisdictional pre-requisite to suit in federal court. The Supreme Court disagreed, holding that the "structure of Title VII, the congressional policy underlying it, and the reasoning of our cases all lead" to the conclusion that "filing a timely charge of

---

rules applied to *pro se* complaints. *See*, *e.g.*, *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008) ("'[a] document filed *pro se* is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'") (quoting *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007)). If the Court concludes that the Complaint does not contain a sufficiently specific allegation that Mr. Miller's disability caused him to file the Complaint one day late, Plaintiff respectfully requests leave to amend to make that allegation more explicit.

discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court." 455 U.S. at 393.[3]  Accordingly, a plaintiff's failure to exhaust "is subject to waiver, estoppel, and equitable tolling." *Id.*

As Defendant concedes, one established basis for equitable tolling is that the plaintiff suffered from a mental disability that prevented him from properly exhausting. *See*, *e.g.*, Def.'s Mem. at 14.  A plaintiff faces a high burden in seeking to invoke equitable tolling.  He must demonstrate that he is "'unable to manage [his] business affairs or estate, or to comprehend [his] legal rights or liabilities.'"  *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998) (quoting *Decker v. Fink*, 422 A.2d 389, 392 (Md. 1980)); *see also Galluci v. Schaffer*, 507 F. Supp. 2d 85, 92 (D.D.C. 2007) (same); *Speiser v United States Dep't of Health & Human Servs.*, 670 F. Supp. 380, 384 (D.D.C. 1986) (same).

Assuming the Plaintiff meets this high burden, however, he is entitled to equitable tolling that forgives his failure to exhaust his administrative remedies.  As Defendant concedes, equitable tolling is available to forgive a plaintiff's failure to exhaust because he missed an EEOC time limitation (*see*, *e.g.*, Def.'s Mem. at 14-16), as well as failure to file a federal lawsuit within ninety days of final EEOC action.  (*See id.* at 18 & n.4).  Equitable tolling can apply, moreover, not just to time limitations but also to a plaintiff's bypassing required steps of the agency exhaustion process altogether.  *See*, *e.g.*, *Fernandez v. Chertoff*, 471 F.3d 45, 58-59 (2d Cir. 2006) (equitable estoppel could apply where plaintiff failed to appeal to the EEOC at all).[4]

---

[3] Because the exhaustion requirement is not jurisdictional, the Court should treat Defendant's motion to dismiss as brought under Fed. R. Civ. P. 12(b)(6), not Rule 12(b)(1). *See*, *e.g.*, *Holmes v. PHI Serv. Co.*, 437 F. Supp. 2d 110, 118-23 (D.D.C. 2006).

[4] This is, of course, concededly *not* a case in which plaintiff failed to make any effort to exhaust his administrative remedies.  Each of Defendant's "failure to exhaust" defenses are

*(Footnote Continued)*

*Plaintiff's Complaint Pleads Equitable Tolling Adequately.*  Especially when viewed as a *pro se* pleading at the motion to dismiss stage, Plaintiff's complaint adequately invokes the doctrine of equitable tolling.  The Complaint notes that Mr. Miller was "physically and psychologically incapacitated," that his "illnesses" prevented him from providing the information the EEO office requested in a timely fashion, and that he failed to file his EEO appeal in a timely fashion because he was "severely incapacitated, both physically and psychologically."  Complaint ¶¶ 12, 19, 23.  These *pro se* allegations are surely sufficient to invoke equitable tolling.

Defendant complains that the Complaint is "conclusory" and alleges only "impairment of judgment or understanding" instead of saying that he was "unable to handle his affairs or timely file his EEOC appeal."  Def.'s Mem. at 15-16.  But this mischaracterizes the Complaint, which *explicitly* says that Mr. Miller failed to meet the time deadlines in question because of his physical and mental disabilities.  Complaint ¶¶ 12, 19, 23.  In any event, it is simply improper for the Defendant to parse the words of this *pro se* complaint so finely.  No one reading the Complaint could doubt that Mr. Miller is asserting that he suffered from mental and physical disabilities so fundamental as to justify his failure to meet the procedural hurdles complained of.  Given the liberal construction given to *pro se* pleadings, this is surely sufficient.  *See Brown*, 514 F.3d at 1283.

---

based on Plaintiff's having failed to meet time deadlines, *i.e.*, the deadline for providing supplemental information to the EEO office, the deadline for appealing to the EEOC, and the deadline for filing this suit.  Accordingly, the Court need not consider cases like *Sommatino v. United States*, 255 F.3d 704, 710 (9th Cir. 2001) ("equitable remedies are unavailable in federal court when the record shows that no administrative filing was ever made").

5

*The Court Should Grant Plaintiff Reasonable Discovery to Substantiate His Claim to Equitable Tolling.* In the alternative, Defendant seeks to transform the motion to dismiss into a motion for summary judgment, arguing that the Court should consider external evidence such as pleadings and events in other lawsuits to conclude *as a matter of fact* that Mr. Miller was not sufficiently disabled. *See* Def.'s Mem. at 16-17. But even if Defendant had complied with the procedural requirements for bringing a motion for summary judgment (which he has not),[5] it would be unfair to address summary judgment when Mr. Miller has had *no* opportunity to pursue discovery to support his equitable tolling claim.

Summary judgment is ordinarily appropriate, after all, only "after the plaintiff has been given adequate time for discovery." *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1380 (D.D.C. 1988). Accordingly, "when a Rule 12(b)(6) motion to dismiss is converted into a motion for summary judgment, all parties must be given a 'reasonable opportunity to present all material made pertinent to such motion by Rule 56' [and] it is settled that the term 'reasonable opportunity' includes the opportunity 'to pursue reasonable discovery.'" *Id.* at 1380 (internal citation omitted).

Discovery is particularly appropriate here to allow an adequate evalutation of Mr. Miller's claim to equitable tolling. Whether a person's mental disability is sufficiently severe to justify equitable tolling is highly case-specific. *Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000). It is a question that may require the testimony of mental health professionals, not one particularly susceptible to resolution by the arguments of attorneys. *See*, *e.g.*, *Cantrell v.*

---

[5] For example, Defendant submitted *no* affidavits or declarations in support of a motion for summary judgment. *Compare* Fed. R. Civ. P. 56(e)(1). Nor did Defendant submit a statement of material facts as to which he contends there is no genuine issue. *See* Local Civil Rule 7(h).

*Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1181 (6th Cir. 1995). The Court should allow Plaintiff a reasonable opportunity to take discovery from his doctors, co-workers, and acquaintances, as well as to consider seeking a mental evaluation from a qualified expert witness.[6] Summary judgment is not appropriate on the equitable tolling issue until the facts have been developed through this discovery.

## II.    THE *PRO SE* COMPLAINT CONTAINS ADEQUATE DETAIL

The Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim showing that that the pleader is entitled to relief.'" *Erickson v. Pardus*, 127 S. Ct. at 2200 (quoting Fed. R. Civ. P. 8(a)(2)). "*Specific facts are not necessary*; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (emphasis added; citation omitted). This is especially correct when the Complaint is filed *pro se*, because "a document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Brown*, 514 F.3d at 1283 (quoting *Erickson*, 127 S. Ct. at 2200).

Mr. Miller's *pro se* Complaint meets these standards. Mr. Miller clearly alleged that the NTSB discriminated against Mr. Miller based on his age, his sex, and his prior discrimination complaints, and that the discrimination took the form of subjecting him to an unreasonably hostile work environment. Complaint ¶¶ 26-41. Indeed, Defendant plainly *is* on notice that these facts are the basis for Mr. Miller's lawsuit. *See, e.g.*, Def.'s Mem. at 1 (Plaintiff alleges "that the Agency discriminated against him due to his gender and age under a disparate treatment theory of liability, retaliated against him for his prior EEO activity, and created a hostile work

---

[6] Plaintiff's Rule 56(f) affidavit is attached hereto as Exhibit 1.

environment"). Though Defendant is free to seek further details on Mr. Miller's allegations through discovery, Plaintiff stands ready to amend to provide further detail should the Court believe it necessary.

Dated: August 11, 2008                                   Respectfully submitted,

                                                          / s / Carl S. Nadler
                                                         Carl S. Nadler (Bar No. 395729)
                                                         Heller Ehrman LLP
                                                         1717 Rhode Island Avenue, NW
                                                         Washington, DC  20036
                                                         Phone:  202-912-2000
                                                         Fax:  202-912-2020

                                                         *Attorney for Plaintiff Richard Miller*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD MILLER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MARK V. ROSENKER, Chairman<br>NATIONAL TRANSPORTATION<br>SAFETY BOARD,<br><br>　　　　　Defendant. | Case No. 07-0562 (GK)<br><br>Electronic Case Filing |

**RULE 56(F) AFFIDAVIT OF CARL S. NADLER IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

I, Carl S. Nadler, under penalty of perjury, declare:

1. I am a shareholder at Heller Ehrman LLP in Washington, D.C., and represent the Plaintiff in this matter. I submit this affidavit in support of Plaintiff's Opposition to Defendant's Motion to Dismiss.

2. In his Motion to Dismiss, Defendant contends the Plaintiff's suit is barred on exhaustion and timeliness grounds. Plaintiff's Complaint alleges that these procedural shortcomings were attributable to severe physical and mental impairments.

3. At this time, the parties have taken no discovery in this case. Accordingly, there has been no discovery regarding Plaintiff's severe physical and mental impairments.

4. To the extent that Defendant's Motion to Dismiss is truly a motion for summary judgment, Plaintiff cannot at this time present facts essential to justify its opposition. Plaintiff needs a reasonable opportunity to take discovery and otherwise gather relevant information regarding Plaintiff's defenses to these alleged procedural defaults, including discovery from his

doctors, family members, supervisors, superiors, co-workers, and acquaintances, as well as to consider seeking a mental evaluation from a qualified expert witness.

*I declare under penalty of perjury that the foregoing is true and correct. Executed on August 11, 2008, in Washington, D.C.*

Carl S. Nadler
Heller Ehrman LLP
1717 Rhode Island Avenue, NW
Washington, DC 20036
Phone: 202-912-2000
Fax: 202-912-2020

*Counsel for Plaintiff Richard Miller*

2