UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RICHARD MILLER,             )<br>                             )<br>            Plaintiff,         )<br>                             )       Civil Case No. 07-0562 (GK)<br>        v.                   )<br>                             )<br>MARK V. ROSENKER, Chairman,  )       Next Court Date:<br>National Transportation Safety Board, ) Status Conference,<br>                             )       September 4, 2008, at 10:15 a.m.<br>            Defendant.        )<br>                             )  |  |

**REPLY IN FURTHER SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

Defendant Mark V. Rosenker ("Defendant"), Chairman, National Transportation Safety Board ("NTSB" or "Agency"),[1] respectfully submits this Reply in further support of his motion to dismiss the Complaint.[2]

**PRELIMINARY STATEMENT**

Nothing in Plaintiff's opposition overcomes Defendant's well reasoned arguments that this action should be dismissed based upon Plaintiff's failure to exhaust administrative remedies and his failure to timely file this action. Defendant's motion is based solely upon the allegations in the Complaint and the facts of which this Court may consider on a Rule 12(b) motion. That is,

---

[1] As noted in Defendant's Opening Brief, it is unclear from the face of the Complaint whether Plaintiff also intends the NTSB itself to be a defendant in this action. If the Court deems the Complaint to include the NTSB as a defendant, the NTSB should be summarily dismissed as "the head of the agency is the only proper defendant in a Title VII action." *Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985), *citing* 42 U.S.C. § 2000e-16(c) (1982). Plaintiff does not address this argument in his Opposition, and thus, concedes that the NTSB should be dismissed. *See United States v. Real Property Identified as: Parcel 03179-005R*, 287 F. Supp. 2d 45, 61 (D.D.C. 2003) (Walton, J.) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (quotations omitted).

[2] Unless otherwise noted, defined terms used herein are intended to have the same meaning as those used in Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss ("Opening Brief").

the allegations in this matter and the materials that this Court may consider on this Motion clearly show that Plaintiff has failed to fulfill the statutory prerequisites to suit and that equitable tolling based upon Plaintiff's purported mental impairment is inappropriate.

In his Opposition, Plaintiff does not dispute (and thus concedes) (a) that he failed to cooperate in the administrative process; (b) that he filed his relevant EEOC appeal nearly a year after the Agency's FAD (*i.e.*, more than 10 months late); and (c) that he filed his Complaint in this action after the limitation period had run. Instead, Plaintiff points to allegations where he says he was mentally impaired and did not comprehend the rules regarding timely filings, and unpersuasively argues that he is entitled to take discovery on his own medical condition to show that he was unable to timely file papers. This argument simply has no merit.

*First*, equitable tolling cannot cure Plaintiff's failure to cooperate in his administrative proceeding.

*Second,* Plaintiff does not, because he cannot, allege that he was *unable* to timely file a notice of appeal with the EEOC after receiving the FAD from the Agency dismissing his claims -- which is the standard for invoking equitable tolling based upon a mental impairment. Indeed, based upon public records, of which this Court may take judicial notice,[3] Plaintiff (acting *pro se*) filed numerous papers in other proceedings during this period of time. These filings alone conclusively refute any notion that Plaintiff was *unable* to file timely a notice of appeal with the EEOC, and thus, equitable tolling is not available.

*Lastly*, Plaintiff does not set forth any allegations regarding his failure to timely institute this action within 90 days following receipt of the EEOC's decision, let alone allegations

---

[3] Indeed, discovery is simply unnecessary in this action. Defendant's Motion is based upon the allegations in the Complaint and facts of which the Court may take judicial notice. Plaintiff does not dispute that this Court may take judicial notice of the fact that Plaintiff, acting *pro se*, filed other papers in other District Court actions during

sufficient to invoke equitable tolling based upon a mental impairment. That is, although Plaintiff himself pleads that he received the EEOC decision 91 days before filing his Complaint in this action, Plaintiff does not attempt to explain why his Complaint was untimely filed or even acknowledge this defect.

Therefore, this Court should dismiss this action, *Miller III*, with prejudice.[4]

## ARGUMENT

**I.   EQUITABLE TOLLING IS NOT AVAILABLE TO CURE PLAINTIFF'S FAILURE TO PROSECUTE HIS ADMINISTRATIVE ACTION.**

Plaintiff does not dispute that he failed to prosecute his administrative complaint and did not cooperate in the administrative process. Instead, Plaintiff attempts to excuse his blatant failure to exhaust administrative remedies in this regard by arguing (a) that this failure to cooperate was merely a failure to meet a deadline (*see* Opp. at 4-5, n.4); (b) that equitable tolling can permit a Plaintiff to bypass statutorily mandated prerequisites for bringing suit in this Court; and (c) equitable tolling may be appropriate to excuse Plaintiff's failure to cooperate. *See id.* at 4. These arguments are meritless.

Plaintiff's failure to cooperate in his administrative proceedings was not a mere failure to satisfy a particular deadline, but a wholesale failure to prosecute his administrative claims. Plaintiff himself pleads that his administrative case was purportedly dismissed because he "failed to cooperate with provisions of 29 C.F.R. § 1614.107(a)(7)." Compl. at ¶ 20. Notably, Plaintiff does not allege that he ever attempted, timely or untimely, to clarify his allegations in his

---

the period in which he did not timely institute his EEOC appeal. Moreover, Plaintiff does not need discovery to obtain information from his own doctors and acquaintances.

[4]   In the alternative, the Court should dismiss the Complaint without prejudice as Plaintiff has failed to satisfy even the most liberal of pleading standards. *See* Op. Br. at 18-19. That is, although Plaintiff has identified the type of discrimination (*i.e.*, race, gender, retaliation), he has not identified what acts he alleges were discriminatory, or how he was injured by such acts.

administrative action, which was the failure that caused the Agency to dismiss his administrative case.

In order to properly exhaust administrative remedies a Plaintiff must cooperate with the administrative process unless he can show his cooperation was futile. *See Rann v. Chao*, 154 F. Supp. 2d 61, 65-66 (D.D.C. 2001) (Urbina, J.) (holding cooperation in administrative proceedings is required unless a plaintiff can show that cooperation would be futile, and that plaintiff's failure to provide the EEO investigator a signed affidavit as requested, which led to dismissal of plaintiff's administrative complaint, constituted a failure to exhaust his administrative remedies), *aff'd* 346 F.3d 192, 197 (D.C. Cir. 2003).[5]  Because Plaintiff has not alleged that an untimely attempt to clarify his pleadings would have been futile (*i.e.*, a "certainty of an adverse action" existed), he did not exhaust his administrative remedies.  Equitable tolling cannot excuse this failure, as it is not a failure to meet a deadline, but a categorical failure to file anything at all.  *See, e.g., Sommatino v. United States*, 255 F.3d 704, 710 (9th Cir. 2001); *Ross v. U.S. Postal Serv.*, 696 F.2d 720, 722 (9th Cir. 1983) ("When there is a failure to exhaust because of lack of notice, the complainant may still file an untimely charge and allow the agency to decide whether the lack of notice excuses the untimeliness. In this way, administrative remedies may still be exhausted.").

---

[5]  The only case cited by Plaintiff in support of his notion that equitable tolling can excuse a wholesale failure to cooperate in the administrative process is not supportive of this proposition.  In *Fernandez v. Chertoff*, 471 F.3d 45, 58-59 (2d Cir. 2006), the Second Circuit held that a plaintiff's failure to file an appeal with the EEOC may be excused because plaintiff was misled about the process and that the EEOC may not have had jurisdiction to consider plaintiff's administrative claim, which was originally filed through a union grievance mechanism and was never finally adjudicated.  *See id.* at 58-59.  By contrast, Plaintiff in this case does not allege that he was misled by the Agency or that the EEOC lacked jurisdiction to hear his administrative appeal.

## II. PLAINTIFF FAILED TO TIMELY EXHAUST ADMINISTRATIVE REMEDIES AND EQUITABLE TOLLING IS NOT AVAILABLE.

Even if Plaintiff could use equitable tolling to excuse his failure to prosecute his administrative action, pursuant to the allegations in the Complaint and the public filings made by Plaintiff (of which this Court may take judicial notice), viewed even in the most favorable light, equitable tolling is not available. That is, based solely upon Plaintiff's allegations and his public filings in other cases before this Court, Plaintiff cannot allege or prove a set of facts showing that he was medically unable to file his EEOC appeal during the over-10-month-delay that preceded his untimely appeal.

In determining whether a complaint pleads "enough facts to state a claim for relief that is plausible on its face," (*Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1974 (2007)),[6] a court may consider the allegations in the Complaint and a limited amount of other materials. That is, pursuant to Rule 12(b)(6), the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, *and*

---

[6] There exists substantial uncertainty within this District regarding whether a failure to properly exhaust administrative remedies is correctly brought in a Rule 12(b)(1) motion, as a jurisdictional defect, or in a 12(b)(6) motion. *Compare Mills v. Billington*, Civ. A. No 04-2205 (HHK), 2006 WL 1371683, at *2 (D.D.C. May 16, 2006) ("It is well-settled that a plaintiff's failure to exhaust her administrative remedies will deprive a district court of subject matter jurisdiction[.]"); *Williams v. Chertoff*, Civ. A. No. 05-0211 (RCL), 2005 WL 3200794, at *1 (D.D.C. Nov. 1, 2005) (same); *Johnson v.* Mukasey, 248 F.R.D. 347, 353-54 (D.D.C. Mar. 20, 2008) (Urbina, J.) (same); *with Holmes v. PHI Serv. Co.,* 437 F. Supp. 2d. 110, 118-23 (D.D.C. 2006) (Walton, J.) (failure to timely exhaust is not a jurisdictional defect); *Walker v. Paulson*, Civ. A. No. 06-1115 (PLF), 2007 WL 1655879, at * 2 (D.D.C. June 7, 2007) (same); *Hewitt v. Rice*, --- F. Supp. 2d ---, 2008 WL 2428219, at *2, n.2 (D.D.C. Jun. 17, 2008) (Roberts, J.) (same); *Hayes v.* Chao, 541 F. Supp. 2d 387, 392 (D.D.C. Apr. 2, 2008) (Kollar-Kotelly, J.) (not jurisdictional in nature, but a "statutory condition precedent to the instigation of litigation"); *see also Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003) (recognizing that prior D.C. Cir. decisions have reached conflicting answers as to whether a failure to exhaust is jurisdictional, but declining to decide the matter); *Mianegaz v. Hyatt Corp*., 319 F. Supp. 2d 13, 17 (D.D.C. 2004) (Urbina, J.) (same); *Marcelus v. Corr. Corp. of Am. / Corr. Treatment Facility*, 540 F. Supp. 2d 231, n.4 (D.D.C. Mar. 31, 2008) (Leon, J.) (noting that "courts in this district continue to grapple with the appropriate standard for failure to exhaust," noting inconsistencies among courts in the D.C. Circuit).

However, as noted in Defendant's Opening Brief, much like in *Rann*, the distinction for purposes of this Motion is academic as dismissal is appropriate under either Rule 12(b)(1) or Rule 12(b)(6). Defendant here cites the Rule 12(b)(6) standard as he understands this Court considers a failure to exhaust not to be a jurisdictional defect. *See Lewis v. Schafer*, --- F. Supp. 2d ---, 2008 WL 2875374, *2 (D.D.C. July 26, 2008) (Kessler, J.). Further, even if such a failure is jurisdictional, Defendant does not contest that equitable tolling of administrative deadlines is available.

*matters about which the Court may take judicial notice.*" *Brown v. Bureau of Prisons*, 498 F. Supp. 2d 298, 301 (D.D.C. 2007) (Kessler, J.) (internal quotations omitted) (emphasis added). As noted in Defendant's Opening Brief, one category of materials of which the Court may take judicial notice is pleadings and filings in other judicial and administrative proceedings. *See* Op. Br. at 3, n.3; *Standard Ins. Co. v. Burch*, 540 F. Supp. 2d 98, 103 (D.D.C. Mar. 3, 2008) (Collyer, J.) (a court can take judicial notice of filings made on the court's electronic case management system); *Covad Commc'ns. Co. v. Bell Atl. Corp.* 407 F.3d 1220, 1222 (D.C. Cir. 2005) (a court may refer to other opinions in considering a Rule 12(b)(6) motion); *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (taking judicial notice of administrative flings before the Patent and Trademark Office); *Mehle v. Am. Mgmt. Sys., Inc.*, No. 01-7197, 2002 WL 31778773, *1 (D.C. Cir. 2002) (taking judicial notice of court filings to establish that such filings were made); *Conecuh-Monroe Cmty. Action Agency v. Bowen*, 852 F.2d 581, 583 (D.C. Cir. 1988) (taking judicial notice of an administrative decision); *Veg-Mix, Inc. v. U.S. Dep't of Agriculture*, 832 F.2d 601, 607 (D.C. Cir. 1987) ("Courts may take judicial notice of official court records[.]"). That is, the Court need not convert this Motion into one for summary judgment to take judicial notice of and consider the fact that Plaintiff made filings in other District Court actions during the period of his alleged mental impairment.[7] Applying this law it is clear that Plaintiff has not and cannot plead a set of facts that could make his claim plausible on its face, as Plaintiff's claims are clearly barred for his failure to timely exhaust administrative remedies and equitable tolling is not available here.

Plaintiff concedes that equitable tolling based upon a mental impairment is only available when a plaintiff is "unable to manage his business affairs or estate, or to comprehend his legal

---

[7] Although the Court may convert the Motion into one for summary judgment, Defendant's Motion is not made pursuant to Rule 56. Accordingly, Plaintiff's "Rule 56(f) Affidavit" is improper.

rights or liabilities." *See* Opp. at 4 (quotations omitted); Op. Br. at 14-15.  Moreover, Plaintiff does not attempt to refute or challenge the EEOC's application of these principles to EEO administrative time limits in holding that equitable tolling of administrative deadlines is only applicable "when the plaintiff is so incapacitated by the condition as to render him physically unable to make a timely filing." *See* Op. Br. at 15.  Further, Plaintiff does not challenge, because he cannot, the judicially noticeable fact that Plaintiff filed other papers on a *pro se* basis with this Court during the period that his alleged mental impairment affected his ability to file an EEOC appeal of the FAD.  Lastly, it is beyond dispute that Plaintiff does not plead that he was medically *unable* to timely file his EEOC appeal due to his mental impairment.[8]  Accordingly, equitable tolling based upon Plaintiff's purported mental impairment is not available.

### III.   DISMISSAL IS PROPER UNDER THE APPLICABLE STATUTE OF LIMITATIONS.

In order for a plaintiff to timely file a complaint with this Court, he must do so within 90 days of receiving a FAD or receiving an EEOC decision on a timely filed EEOC appeal.  *See* Op. Br. at 16-18.  That is, even if Plaintiff's over-10-month-delay in instituting his EEOC appeal were somehow excused, Plaintiff must have filed this suit within 90 days of his receipt of the EEOC Decision for this Complaint to be timely.  In his Opposition, Plaintiff concedes that "it appears that [he] filed this suit one day beyond the 90-day time limit." Opp. at 2.[9]  Nonetheless,

---

[8]   As to his inexcusable 10 month delay in instituting an EEOC appeal, Plaintiff merely alleges that his purported mental impairment caused him to "not fully comprehend the rules and regulations associated with timely EEO filings." Compl. at ¶ 23.  Plaintiff does not allege that his purported mental impairment left him medically *unable* to file a timely EEOC appeal.  Indeed, this action presents the very situation that this high burden is meant to address -- *i.e.* to "protect defendants against specious allegations of mental incompetence advanced in efforts to save time-barred claims." *Speiser*, 670 F. Supp. at 384, *citing*, *Basset v. Sterling Drug, Inc.*, 578 F. Supp. 1244, 1284 (D.C. Ohio 1984).

[9]   In this regard, this case is similar to *Miller I* where the Court dismissed Plaintiff's Complaint because he failed to timely file an EEOC appeal by one day.  *See Miller v. Rosenker*, --- F. Supp. 2d ---, 2008 WL 2854134, *2-3 (D.D.C. July 25, 2008) (Kessler, J.).

- 7 -

Plaintiff argues that this deadline should also be tolled based upon his purported mental impairment.

Plaintiff, however, pleads no facts or circumstances that would permit such tolling. Indeed, Plaintiff implicitly concedes there is nothing in the Complaint that even approaches a justification for invoking equitable tolling of this 90 day deadline. *See* Opp. at 2-3, n.2. Moreover, the fact that Plaintiff filed his Complaint on March 21, 2007, conclusively refutes any notion that he was so mentally incapacitated as to have been unable to file his complaint on the day before (March 20, 2007) or at some period during the 90 day period for timely instituting this action. Notably, it appears that Plaintiff filled-out and signed his civil cover sheet (Docket Entry No. 1-2) on January 20, 2007, 31 days after he received the EEOC decision and well before his time to file this action lapsed.

## CONCLUSION

For the reasons stated above and those set forth in his Opening Brief, Defendant respectfully requests that the Court dismiss the Complaint with prejudice.

Dated: August 22, 2008
　　　　Washington, DC

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

　　　/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

- 9 -

/s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*