### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

```
_____
                            :
RICHARD MILLER,_____       :
                            :
          Plaintiff,        :
                            :
     v.                     :    Civil Action No.
                            :    07-562(GK)
MARK V. ROSENKER, Chairman  :
National Transportation     :
Safety Board                :
                            :
          Defendant.        :
_____ :
```

### MEMORANDUM OPINION

Plaintiff Richard Miller brings this action against Defendant Mark V. Rosenker, in his official capacity as Chairman of the National Transportation Safety Board ("NTSB" or the "Board"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.

One of Plaintiff's complaints was recently dismissed, Miller I (05-2478) [**Dkt. No. 44**], and Plaintiff's Motion for Reconsideration was denied on September 4, 2008 [**Dkt. No. 48**]. Three of his suits remain: Miller II (06-1071), Miller III (07-562), and Miller IV (07-1832).

The present matter is before the Court on Defendant's Motion to Dismiss [**Dkt. No. 5**] pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff requests that the Court delay a ruling on the Motion so that he can conduct discovery to determine whether he was

sufficiently mentally and physically disabled to warrant equitable tolling.

Upon consideration of the Motion, Opposition, Reply, and the entire record herein, and for the reasons set forth below, Defendant's Motion to Dismiss is **granted.**

I.    **BACKGROUND**

Plaintiff was employed by the Board beginning in June 1999. He worked as a Financial Management Specialist in the office of the Chief Financial Officer.

Plaintiff filed a formal discrimination complaint with the Board on July 15, 2005, alleging sixteen instances of discrimination based on gender, age, and retaliation.[1] On July 21, 2005, Defendant requested that Plaintiff clarify his claims and gave him fifteen calendar days to respond. Plaintiff twice asked for extensions of time to respond to the Board's request to provide additional information. Plaintiff does not deny that he never responded to the Board's request.

The Board issued its Final Agency Decision on September 23, 2005. It dismissed the complaint, finding that Plaintiff had failed to cooperate with the July 21, 2005 written request for additional

---

[1] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint must be presumed to be true and liberally construed in favor of the plaintiff. <u>Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.</u>, 525 F.3d 8, 17 (D.C. Cir. Apr. 29, 2008). Therefore, the facts set forth herein are taken from Plaintiff's Complaint unless otherwise noted.

information, as required by 29 C.F.R. § 1614.107(a)(7). The decision cited the "clear record of delay" by Plaintiff, and rejected his second request for an extension of time to provide additional information because he had "provided no substantive reason for his failure to clarify his claims, and no indication of when he may do so." The decision also outlined Plaintiff's two options for appealing the decision: file an appeal with the EEOC within thirty days or file a civil action in federal court within ninety days.

Plaintiff waited ten months before filing an appeal with the EEOC on August 1, 2006. During the period between September 23, 2005 and August 1, 2006, he made four filings in a separate civil action.[2] During this same period, he also filed another administrative complaint with the Board, alleging discrimination based on mental and physical handicaps, sex, age, and retaliation.

The EEOC dismissed Plaintiff's administrative appeal on December 15, 2006, finding Plaintiff's appeal to be untimely and finding no "adequate justification" for extending the deadline.

After ninety-one days, Plaintiff filed this action on March 21, 2007.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff need only plead

---

[2] In <u>Miller v. Rosenker</u>, Civ. A. No. 05-2478 (GK), Plaintiff filed a <u>pro se</u> Complaint on December 28, 2005; a <u>pro se</u> Demand for Trial by Jury on January 6, 2006; a <u>pro se</u> Motion for Court Appointed Counsel on April 7, 2006; and a <u>pro se</u> Opposition to Defendant's Motion for an Extension of Time on April 25, 2006.

"enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969.

Under the standard set out in Twombly, a "court deciding a motion to dismiss must not make any judgment about the probability of the plaintiff's success . . . must assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc., 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotation marks and citations omitted).

## III. ANALYSIS

### A. Neither the Administrative Appeal Nor the Civil Complaint Were Timely.

Plaintiff failed to file a timely appeal of the Board's decision of September 23, 2005 because he did not file his administrative appeal with the EEOC within the thirty-day period prescribed by EEOC regulations. Nor did he file this civil action in federal court within ninety days of the receipt of the Final Agency Decision.

After a plaintiff receives a Final Agency Decision, he may

4

appeal the decision by filing a civil action in federal court only if he follows one of the two options available under the applicable regulation: (1) file a civil action no more than ninety days after he receives the Final Agency decision; or (2) timely file an administrative appeal with the EEOC and, if more than 180 days pass without a decision on that appeal, file a civil action in federal court. 29 C.F.R. § 1614.407. If a plaintiff misses both deadlines, his complaint is time-barred and subject to dismissal.

In this case, more than ninety days elapsed between Plaintiff's receipt of the Final Agency Decision and his filing of this Complaint. Therefore, for the Plaintiff to have timely filed his claim in federal court, his administrative appeal with the EEOC must have been timely filed.

Plaintiff did not file a timely administrative appeal with the EEOC. To be timely filed with the EEOC, an administrative appeal of the Final Agency Decision must be postmarked within thirty days of receipt of the decision. 29 CFR § 1614.402. It is uncontested that Plaintiff did not file an appeal before the EEOC deadline had expired.[3]

Plaintiff concedes that he filed neither a timely civil action in this Court nor a timely administrative appeal with the EEOC. Barring any equitable considerations, Plaintiff's complaint must be

---

[3] Plaintiff filed an appeal with the EEOC on August 1, 2006, more than ten months after the Board's decision on September 23, 2005.

dismissed for failing to comply with the Title VII deadlines.

**B.    Plaintiff Is Not Entitled to Discovery.**

Plaintiff requests that he be given additional time for discovery to support his equitable tolling claim. He argues that additional time is appropriate if the Motion to Dismiss is converted to a Motion for Summary Judgment because summary judgment is appropriate only "after the plaintiff has been given adequate time for discovery." See First Chicago Int'l v. United Exch. Co., 836 F.2d 1375, 1380 (D.D.C. 1988).

Here, the Motion to Dismiss has not been converted to a Motion for Summary Judgment, so Plaintiff's request is moot. More importantly, however, Plaintiff has provided no adequate justification for needing additional time to gather information from his own "doctors, co-workers, and acquaintances." Plaintiff cites to no case in which a court postponed a decision so that a party could pursue discovery of his own witnesses and experts. Accordingly, Plaintiff's request for additional time to pursue discovery is **denied.**

**C.    Plaintiff Has Not Alleged Facts Sufficient to Warrant Equitable Tolling.**

Because Plaintiff failed to make timely filings, his appeal may be dismissed as time-barred unless the court determines, "using her discretion," that "equity requires extending a limitations period." Smith-Haynie v. District of Columbia, 155 F.3d 575, 579 (D.C. Cir. 1998). Here, Plaintiff has not alleged facts sufficient to warrant

equitable tolling of the limitations periods.

Neither Title VII's filing time limit nor its administrative exhaustion requirement is jurisdictional. In re James, 444 F.3d 643, 647 (D.C. Cir. 2006) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990)). Nonetheless, for a plaintiff attempting to circumvent Title VII's filing or administrative deadlines, the "hurdle is high." Smith-Haynie, 155 F.3d at 579. Equitable tolling is available "only in extraordinary and carefully circumscribed instances," Id. at 580 (quoting Mondy v. Sec'y of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988)), and does not apply "where the claimant failed to exercise due diligence in preserving his legal rights," Irwin, 498 U.S. at 96. Once a defendant has pleaded a failure to exhaust administrative remedies or a failure to timely file an action, the burden shifts to the plaintiff to make his case that equitable tolling is warranted. Gupta v. Northrop Frumman Corp., 462 F. Supp. 2d 56, 59 (D.D.C. 2006) (citing Saltz v. Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982)).

Equitable tolling may be warranted if a plaintiff asserts that he failed to comply with time deadlines because he was non compos mentis. See Smith-Haynie, 155 F.3d at 580. To be deemed non compos mentis, a plaintiff must have a disability "of such a nature as to show [he] is unable to manage [his] business affairs or estate, or to comprehend [his] legal rights or liabilities." Id. (quoting Decker v. Fink, 422 A.2d 389, 392 (Md. 1980)). Equitable tolling is

only appropriate on non compos mentis grounds when a plaintiff "is completely incapable of handling his affairs and legal rights." Gupta, 462 F. Supp. 2d at 59 (emphasis added). He must establish that he "clearly suffers from a legitimate mental illness." Speiser v. U.S. Dep't of Health and Human Servs., 670 F. Supp. 380, 385 (D.D.C. 1986). It is not sufficient to show that a plaintiff was "preoccupied, depressed, and obsessed with the events" he was experiencing. Gupta, 462 F. Supp. 2d at 60 (quoting Speiser, 670 F. Supp. at 385).

Suffering from a "severe panic disorder and depression" is not evidence of the type of "total incapacity" necessary to warrant equitable tolling. See id. Likewise, failure to understand a notice of a right to sue, confusion about that right, and being "simply unable to psychologically deal with it" do not warrant equitable tolling on non compos mentis grounds. Smith-Haynie, 155 F.3d at 580.[4]

Speiser suggests additional factors that might counsel in favor of equitable tolling on non compos mentis grounds. For example, if a plaintiff was "adjudged incompetent, signed a power of attorney,

---

[4] In Speiser, supra, the plaintiff failed to comply with a thirty-day deadline after being hospitalized five times within a six-month period for a total of sixty-five days. Despite these facts, she was not entitled to non compos mentis status because she had not alleged that she was "impaired to the point of being noncompos mentis [sic]" during the ninety-nine days that she was not hospitalized.

had a guardian or caretaker appointed, or otherwise took measures to let someone else handle [his] affairs," equitable tolling may be appropriate. Speiser, 670 F. Supp. at 385. A plaintiff may also be deemed non compos mentis if he is not "fully aware" of the facts giving rise to the claim in the first place or if a defendant "prevented" him from vindicating his rights. See id.

In this case, Plaintiff concedes that he missed two deadlines: the thirty-day deadline for filing a complaint with the EEOC and the ninety-day deadline for filing a civil action in a federal court. Even so, he argues that equitable tolling is warranted because he suffered from physical and psychological ailments that caused him to miss those deadlines.

Though Plaintiff asserts that he suffered from various physical and mental disabilities, he never alleges facts that reach the high threshold required to warrant equitable tolling on non compos mentis grounds. Plaintiff claims that he was "physically and psychologically incapacitated" between December 2004 and July 2006, that he received treatment for these physical and psychological ailments, and that he "did not fully comprehend the rules and regulations associated with timely EEO filings."

Mental disabilities--just like physical ones--may under certain circumstances prevent a person from being able to comply with the rigorous and detailed administrative procedures that are routinely required for a plaintiff to vindicate his legal rights. See Smith-

Haynie, 155 F.3d at 580 (suggesting that a mental disability would be considered non compos mentis if it prevented a plaintiff from being able to "manage his business affairs" or "comprehend [his] legal rights and liabilities").

However, Plaintiff does not establish that he could not manage his affairs or comprehend his legal rights. In fact, he managed his affairs so well and comprehended his legal rights so fully that within a span of five years, he filed at least four suits against the government in this District Court. Moreover, he was clearly capable of filing legal documents since he made at least four pro se filings in one of those cases, see supra note 2, and he filed another administrative complaint, once again alleging discrimination.

Significantly, Plaintiff satisfied none of the additional factors that Speiser suggested might support application of equitable tolling. 670 F. Supp. at 385. For example, he was never deemed in any official judicial proceeding to be incompetent. He never signed a power of attorney, never sought to have a guardian appointed, and never showed any signs that he did not understand the facts underlying his claim. Nor did Plaintiff's medical treatment during the filing period in this case involve any hospitalization, whereas the plaintiff in Speiser was denied equitable tolling despite being hospitalized five separate times for a total of sixty-five days. Id. at 384. In fact, Plaintiff concedes that he was

"physically present for work."

Finally, although Plaintiff contends that he did not "fully comprehend" the administrative process, complete comprehension is not required for a court to enforce deadlines. See Smith-Haynie, 155 F.3d at 580 ("Impaired judgment alone is not enough to toll the statute of limitations.") (quoting Speiser, 670 F. Supp. at 384).

For all these reasons, Plaintiff has failed to meet his burden to plead that he was non compos mentis. Therefore, equitable tolling is not justified, and Plaintiff's complaint must be dismissed because both his administrative appeal and his civil action were untimely filed.

## IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [**Dkt. No. 5**] is **granted** and this case is dismissed for failure to state a claim on which relief can be granted.


September 25, 2008                      /s/
                                      Gladys Kessler
                                      United States District Judge


**Copies to: Attorneys of record via ECF**

11